Jean COULTER, Appellant

v.

Mary Suzanne RAMSDEN, Stephanie Anderson, Raphael Ramsden & Behers, Dennis McCurdy, Susan Lope, Elizabeth Smith, Rochelle Graham, Butler County Children and Youth Services and Thomas Doerr, Appellees.

Superior Court of Pennsylvania.

Argued March 4, 2014.

Filed June 20, 2014.

Reargument Denied Aug. 4, 2014.

Jean Coulter, Cherry Hill, NJ, pro se.

Marie M. Jones, Pittsburgh, for Butler County CYS, appellee.

Caroline P. Liebenguth, Pittsburgh, for Doerr, appellee.

Amy J. Coco, Pittsburgh, for Raphael Ramsden & Behers and McCurdy, appellee.

BEFORE: SHOGAN, OLSON and WECHT, JJ.

**OPINION BY SHOGAN, J.:**

Appellant, Jean Coulter ("Coulter"), appeals *pro se* from the order granting the motion to dismiss filed in the Court of Common Pleas of Allegheny County in this matter brought against Mary Suzanne Ramsden, Stephanie Anderson, Raphael Ramsden & Behers, Dennis McCurdy, Susan Lope, Elizabeth Smith, Rochelle Graham, Butler County Children and Youth Services, and the Honorable Thomas Doerr (collectively "Appellees"). On appeal, Coulter challenges, *inter alia*, the trial court's reliance on Pa.R.C.P. 233.1 in dismissing her case. For the reasons that follow, we affirm. As an ancillary matter, we also address whether a party has a right to oral argument before our Court. We hold that oral argument is not a matter of right and that the Court may deny, or limit the time allocated for, oral argument in its sole discretion.

We summarize the protracted history of this case as follows.[1] This matter stems from Coulter's 2007 plea of "no contest" and imprisonment for the crime of aggravated assault against her minor daughter in the Butler County Court of Common Pleas. Butler County Children and Youth Services became involved, and court proceedings related to the minor child were initiated.[2] These resulted in the termi-

---

1. We note that there are six other related appeals before this panel. Nos. 582 WDA 2013, 584 WDA 2013, 585 WDA 2013, 586 WDA 2013, 678 WDA 2013, and 679 WDA 2013. These appeals have been decided in separate Memoranda filed concurrently with this Opinion.

2. James Mahood represented Coulter through May of 2009. On June 12, 2009, Deborah Erbstein, Esquire, and Todd Zwikl, Esquire, entered their appearances on Coulter's behalf. However, on December 15, 2009, Erbstein's and Zwikl's requests to withdraw from representation were granted. On April 6, 2010, Joan Shoemaker, Esquire, entered her ap-

pearance for Coulter, and she was permitted to withdraw on April 13, 2010. On May 17, 2010, Stephanie Anderson, Esquire, and Mary Suzanne Ramsden, Esquire, entered their appearances on Coulter's behalf. On August 4, 2010, Christine Gale, Esquire, substituted her appearance as counsel of record. When Coulter was not represented by counsel in the Butler County matters, she proceeded *pro se*. Judge Doerr presided over the custody action which ultimately resulted in the termination of Coulter's parental rights to her daughter in 2011. Dennis McCurdy, Esquire, was counsel for Butler County Children and Youth Services. Susan Lope, Esquire, and Eliza-

nation of Coulter's parental rights on January 12, 2011.

Prior and subsequent to filing the instant matter, Coulter filed multiple complaints in Allegheny County against persons and entities involved in the Butler County proceedings. Coulter has also filed numerous and duplicative appeals with this Court over the past several years. (*See, e.g., In the Interest of A.C.,* 47 A.3d 1242 (Pa.Super.2012); *Wilder & Mahood, P.C. v. Coulter,* 46 A.3d 824 (Pa.Super.2012); *In re Adoption of A.S.C.,* 38 A.3d 927 (Pa.Super.2011) (unpublished memorandum); *In re Adoption of A.C.,* 23 A.3d 584 (Pa.Super.2010) (unpublished memorandum); *In re A.C.,* 23 A.3d 576 (Pa.Super.2010) (unpublished memorandum)). Coulter claims that the termination proceedings in Butler County were unjust, that various persons conspired to deprive her of her rights, and that she is entitled to monetary relief in excess of $200,000,000.00. She has also claimed civil rights violations.

In addition, Coulter initiated multiple actions in the United States District Court for the Western District of Pennsylvania prior to filing this matter in state court. These actions arose out of the same Butler County proceedings. The federal court defendants were sued due to their participation in the proceedings and Coulter's alleged injuries resulting from her dissatisfaction with the results of those proceedings. All of Coulter's federal complaints were dismissed with prejudice by the United States District Court. The United States District Court found Coulter to be a vexatious litigant and prohibited her from filing additional civil actions relating to or

arising from the state court proceedings involving her criminal conviction and the subsequent termination of her parental rights. *See Coulter v. Ramsden, et al.,* 2012 WL 6592597 (W.D.Pa.2012).

Cognizant of this history, the trial court dismissed Coulter's complaint pursuant to Pa.R.C.P. 233.1 after oral argument on February 8, 2013. Argument was not recorded. Coulter filed a petition for reconsideration, which the trial court denied. This appeal followed.

Coulter presents the following issues for our review, which we have renumbered for ease of disposition:

[1]. HAS APPEAL BEEN TIMELY FILED?

[2]. MUST THE TRIAL COURT'S ORDER DISMISSING THE COMPLAINT PURSUANT TO RULE 233.1 BE OVER–TURNED BECAUSE THE TRIAL COURT PROPERLY DETERMINED THAT [42 Pa.C.S.A. § 5103(b) ] APPLIES, BUT DISMISSED DESPITE THE FACT THAT THE PREVIOUS DECISION DID NOT RESOLVE OR EVEN CONSIDER "STATE" CLAIMS?

[3]. MUST REMAND TO AN UNBIASED COURT BE ORDERED TO DEVELOP A RECORD, WITHOUT PREJUDICE, IN ORDER TO PERMIT INCLUSION OF COULTER'S POSITION, AS LOCAL RULES, VIOLATION OF LOCAL RULES AND BIAS/DISABILITY OF THE TRIAL COURT, HAVE RESULTED IN A RECORD OF IRRELEVANT AND/OR FORBIDDEN FACTS AND DEVOID OF FACTS RELATED TO PLAINTIFF'S ARGUMENT OF HER POSITION–IN ORDER TO CORRECT A

beth Smith, Esquire, represented Coulter's daughter as court appointed counsel and Guardian ad Litem, respectively. Rochelle

Graham is a caseworker at Butler County Children and Youth Services.

FUNDAMENTAL INJUSTICE AND ASSURE DUE PROCESS?

[4]. MUST THE DECISIONS OF THE TRIAL COURT BE OVERTURNED BECAUSE THE TRIAL COURT WAS WITHOUT JURISDICTION, DUE TO ASSIGNMENT OF A SENIOR JUDGE IN VIOLATION OF STATUTE, RULES AND THE PENNSYLVANIA CONSTITUTION?

[5]. DOES RULE 233.1 VIOLATE EQUAL PROTECTION, AS IT HOLDS *PRO SE* PLAINTIFFS TO A MORE STRINGENT STANDARD THAN PLAINTIFFS REPRESENTED BY LICENSED COUNSEL?

Appellant's Brief at 4 (renumbered for purposes of discussion).

■ Apparently in response to the trial court's comment that the appeal is untimely in its April 4, 2013 Order, Coulter argues that her appeal in this matter has been timely filed. Appellant's Brief at 25–26. Because the timeliness of an appeal implicates our jurisdiction, we cannot address the merits of the other issues raised by Coulter before determining whether the appeal was timely filed. *Krankowski v. O'Neil*, 928 A.2d 284, 285 (Pa.Super.2007).

It is undisputed that a notice of appeal must be filed within thirty days of the disputed order. Pa.R.A.P. 903(a). Specifically, Rule 903(a) provides that "the notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Our review of the certified record reflects that on March 7, 2013, Coulter filed the instant appeal from the order dated February 8, 2013, which granted the motion to dismiss. Record Entry 17. Accordingly, Coulter satisfied the requirements of Pa.R.A.P. 903(a) requiring the notice of appeal to be filed within thirty days of the February 8, 2013 order. Therefore, because this appeal was timely filed, this Court has jurisdiction to hear this appeal.

■ Coulter next argues that the trial court's order dismissing the complaint pursuant to Pa.R.C.P. 233.1 must be overturned because, while the trial court properly determined that 42 Pa.C.S.A. § 5103(b) applies, the trial court erroneously dismissed Coulter's complaint when the previous decision in federal court did not resolve, or even consider, state claims. Appellant's Brief at 14–19. Coulter insinuates that her case should have been transferred from federal court pursuant to 42 Pa.C.S.A. § 5103(b), because the federal court merely determined that it lacked subject matter jurisdiction over the state claims presented. Upon review, we conclude that this issue does not merit relief.

In 42 Pa.C.S.A. § 5103, the Pennsylvania Legislature addressed the transfer of matters which have been filed in improper courts. The pertinent language of the statute provides as follows:

§ 5103. **Transfer of erroneously filed matters.**

(a) **General rule.**—If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be

transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

**(b) Federal cases.—**

(1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth **and the matter is dismissed by the United States court for lack of jurisdiction,** any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or magisterial district judge may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

42 Pa.C.S.A. § 5103(a), (b) (emphasis added).

As a prefatory matter, we note that our review of the certified record reflects that Coulter initiated the instant matter in the Court of Common Pleas of Allegheny County at Docket Number GD–13–774 with the filing of a seventeen-page complaint on January 10, 2013. Record Entry 1. Previously, on July 27, 2012, Coulter filed a fifteen-page "complaint for civil action" in the United States District Court for the Western District of Pennsylvania, which was docketed at D.C. Civ. No. 12–cv–01050. Record Entry 7 at Exhibit C. Our thorough review of the two documents indicates that there are only minor alterations in language between the two complaints filed with the different courts.

Coulter's allegation that her matter in federal court was dismissed due to a lack of jurisdiction lacks merit. We take notice of the decision rendered by Judge Cathy Bissoon of United States District Court for the Western District of Pennsylvania, which dismissed Coulter's complaint at D.C. Civ. No. 12–cv–01050, and reflects that the federal court did not dismiss the matter solely on the basis of a lack of jurisdiction. *Coulter v. Ramsden, et al.,* 2012 WL 6592597 (W.D.Pa.2012). Thus, to the extent that Coulter claims that the instant matter should be considered to be a transfer from federal court pursuant to 42 Pa.C.S.A. § 5103(b)(1), such argument fails because it is evident that the federal court did not dismiss Coulter's case solely for lack of jurisdiction.

Furthermore, even if the federal court had dismissed Coulter's complaint solely due to a lack of jurisdiction, we observe that Coulter failed to transfer her case from federal court properly as contemplat-

ed under 42 Pa.C.S.A. § 5103(b)(2). Our review of the record reflects that Coulter failed to file "a certified transcript of the final judgment of the United States court and the related pleadings." 42 Pa.C.S.A. § 5103(b)(2). Hence, any allegation that the Court of Common Pleas of Allegheny County erred in not accepting the matter as being transferred from federal court lacks merit.

With regard to Coulter's claim that the trial court improperly dismissed Coulter's complaint pursuant to Pa.R.C.P. 233.1, we conclude that her argument similarly lacks merit. We review this claim under the following standard:

> To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*. To the extent that this question involves an exercise of the trial court's discretion in granting [a] "motion to dismiss," our standard of review is abuse of discretion.
>
>> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Sigall v. Serrano*, 17 A.3d 946, 949 (Pa.Super.2011) (internal citations omitted).

Pa.R.C.P. 233.1 provides, in relevant part, as follows:

> **Rule 233.1. Frivolous Litigation. Pro Se Plaintiff. Motion to Dismiss**
>
> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
> (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
>
> (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
>
> * * *
>
> (c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.

Pa.R.C.P. 233.1(a), (c). The explanatory comment to Rule 233.1 provides as follows:

> It has come to the attention of the Supreme Court that certain litigants are abusing the legal system by repeatedly filing new litigation raising the same claims against the same defendant even though the claims have been previously adjudicated either through settlement or through court proceedings. New Rule 233.1 provides relief to a defendant who has been subjected to this type of repetitive litigation. While attorneys are subject to the rules of disciplinary procedure, no analogous rule exists to curb this type of abuse when done by a *pro se* party.
>
> Upon the filing of an action by a *pro se* plaintiff, a defendant may file a motion to dismiss a pending action provided that (1) the *pro se* plaintiff is alleging the same or related claims against the same or related defendants, and (2) the claims have already been resolved pursuant to a settlement agreement or a court proceeding. The new rule also gives the trial court discretion to bar the *pro se* litigant from filing further litigation against the same or related defen-

dants raising the same or related claims without leave of court.

Pa.R.C.P. 233.1, Cmt.

In *Gray v. Buonopane,* 53 A.3d 829 (Pa.Super.2012), a panel of this Court addressed the obvious intent and applicability of Pa.R.C.P. 233.1 as follows:

Rule 233.1 was promulgated by our Supreme Court in 2010 to stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants disaffected by prior failures to secure relief for injuries they perceived but could not substantiate. Accordingly, the drafting committee constructed the Rule with attention to potential manipulation of the legal process by those not learned in its proper use, seeking to establish accountability for *pro se* litigants commensurate with that imposed upon members of the Bar. Thus, the Rule operates to spare potential defendants the need to defend spurious claims, first, by allowing the expeditious dismissal of duplicative *pro se* actions and, second, by empowering the trial court to ban the *pro se* litigant's commencement of further actions against such defendants.

Following scrutiny of the Rule's text, we discern the extent of our Supreme Court's intent in the Rule's allowance of summary proceedings for dismissal substantially less exacting than those required by the Rules of Court for counseled actions, as well as the absence from the language of any of the elements encompassed under the doctrines of *res judicata* and collateral estoppel. The Rule's language is noteworthy, specifically, in its omission of any reference to existing procedures under the Rules for obtaining judgment prior to trial, see, e.g., Pa.R.C.P. 1028(a)(4) (Preliminary Objections (Demurrer)), 1034 (Judgment on the Pleadings), 1035.2 (Summary Judgment). Indeed, the very fact that Rule 233.1 was promulgated in the presence of this series of rules and procedures, that by design tests every aspect of the legal and factual merit of a plaintiff's claim, announces the Supreme Court's focus and intent with exceptional clarity. Quite simply, the Court saw no reason to expose already beleaguered defendants to the demands of extended litigation and the rigor of technical procedural rules for summary disposition when the claims at issue have already been addressed in a substantive manner and resolved.

* * *

Contrary to Gray's suggestion, neither the language of the Rule nor the explanatory comment mandate the technical identity of parties or claims imposed by *res judicata* or collateral estoppel; rather, it merely requires that the parties and the claims raised in the current action be *"related"* to those in the prior action and that those prior claims have been *"resolved."* These two terms are noteworthy in their omission of the technical precision otherwise associated with claim and issue preclusion; whereas parties and/or claims are to be "identical" under the purview of those doctrines, Rule 233.1 requires only that they be sufficiently related to inform the trial court, in the exercise of its discretion, whether the plaintiff's claim has in fact been considered and "resolved." The drafting committee's recourse to the word "resolved" in this context is equally significant. In the Rule's requirement that the matter ha[s] been "resolved pursuant to a written settlement agreement or a court proceeding," the language assures that the *pro se* litigant is availed of a chance to address his claim subject to the contractual guarantee of a settlement agreement or to the procedural safeguards that attend a

court proceeding. It does not require, however, that the matter has progressed to a "final judgment on the merits," nor does it require the identi[t]y of the quality or capacity in the persons for or against whom the claim is made. In view of the circumstances under which the rule was promulgated, "the mischief to be remedied," and the object to be attained, we find these multiple omissions indicative of the manner in which the Supreme Court intends Rule 233.1 to operate and dispositive of Gray's current actions.

*Gray*, 53 A.3d at 835–836 (citations and some quotation marks omitted).

As previously stated, in the federal court action docketed at D.C. Civ. No. 12–cv–01050, as well as herein, Coulter acted *pro se.* In both cases, Coulter raised similar causes of action against the same or related defendants. The main difference between the claims Coulter raises now in comparison to the claims she raised in the federal court is that here, she has altered language in a minor fashion and essentially alleges additional instances where the defendants failed to properly handle her case before the Court of Common Pleas of Butler County. We further observe that the claims in the federal case were resolved pursuant to a court proceeding, *i.e.*, the federal court entered an order dismissing the action and designating Coulter to be a vexatious litigant.

Thus, the parties and claims in the federal court action and the present case were sufficiently related to inform the trial court that Coulter's current claim has been considered and resolved. Coulter has failed to establish that the trial court abused its discretion by dismissing her complaint pursuant to Pa.R.C.P. 233.1 or by barring her from pursuing additional *pro se* litigation against Appellees pursuant to Rule

233.1(c). Accordingly, we conclude that her contrary claim lacks merit.

■ In her next issue, Coulter contends that this matter should be remanded "to an unbiased court." Appellant's Brief at 19–21. In her purported argument, Coulter alleges that the trial court made its determination "without permitting argument." Appellant's Brief at 19. In essence, Coulter makes various bald allegations of bias on the part of the trial judge.

We need not reach the merits of this issue because the argument section of Appellant's brief merely consists of general statements unsupported by any discussion and analysis of relevant legal authority. Pennsylvania Rule of Appellate Procedure 2119 addresses the argument section of appellate briefs and provides, in part, as follows:

**Rule 2119. Argument**

**(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have ... such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

■ "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Estate of Haiko v. McGinley*, 799 A.2d 155, 161 (Pa.Super.2002); Pa. R.A.P. 2119(b). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Lackner v. Glosser*, 892 A.2d 21, 29–30 (Pa.Super.2006) (citations omitted). This Court will not act as counsel and will not develop arguments on behalf of an appellant. *Irwin Union National*

*Bank and Trust Company v. Famous and Famous and ATL Ventures,* 4 A.3d 1099, 1103 (Pa.Super.2010) (citing *Commonwealth v. Hardy,* 918 A.2d 766, 771 (Pa.Super.2007)). Moreover, we observe that the Commonwealth Court, our sister appellate court, has aptly noted that "[m]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter." *Boniella v. Commonwealth,* 958 A.2d 1069, 1073 n. 8 (Pa.Cmwlth.2008) (quoting *Commonwealth v. Spontarelli,* 791 A.2d 1254, 1259 n. 11 (Pa.Cmwlth.2002)).

Here, the argument portion of Coulter's brief does not contain meaningful discussion of, or citation to, relevant legal authority. Appellant's Brief at 19–21. While the portion of the argument pertaining to Coulter's issue does contain reference to case law regarding contents of the certified record, this section completely lacks any discussion or developed analysis relevant to the issue. This lack of analysis precludes meaningful appellate review. Accordingly, because Coulter's argument fails to set forth any meaningful discussion of relevant legal authority, we conclude that the issue is waived.

■ Coulter next contends that the decision of the trial court should be overturned due to a lack of "jurisdiction." Appellant's Brief at 21–24. Coulter asserts that the assignment of Senior Judge O'Reilly to her case in the court of common pleas was in violation of statute, rules, and the Pennsylvania Constitution. We conclude that this issue is waived for purposes of appeal.

First, we observe that Coulter is not challenging the jurisdiction of the Court of Common Pleas of Allegheny County. Indeed, Coulter initiated her action in that court. As such, an allegation by Coulter that the court of common pleas lacked jurisdiction would be meritless. Rather, we consider Coulter's instant claim to be that the particular senior judge hearing her case, *i.e.,* Judge O'Reilly, should have recused himself or should have been disqualified from hearing Coulter's case because he was not properly appointed to his position as a senior judge of the Court of Common Pleas of Allegheny County.

■ Pennsylvania Rule of Appellate Procedure 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Hence, only claims properly presented in the lower court are preserved for appeal. Indeed, even issues of constitutional dimension cannot be raised for the first time on appeal. *Estate of Fridenberg,* 982 A.2d 68, 76 (Pa.Super.2009) (citing *Commonwealth v. Strunk,* 953 A.2d 577, 579 (Pa.Super.2008)).

> It is well established that trial judges must be given an opportunity to correct errors at the time they are made. "[A] erroneous, the court would have corrected."

*Strunk,* 953 A.2d at 579 (citations omitted).

■ It is the duty of the party asserting disqualification to file the petition in a timely fashion. *Rizzo v. Haines,* 520 Pa. 484, 555 A.2d 58, 70 (1989). A recusal motion that is not timely filed will be denied. *Id.* "It is well-settled that a party seeking recusal or disqualification **must raise the objection at the earliest possible moment,** or that party will suffer the consequence of being time barred." *Commonwealth v. Stafford,* 749 A.2d 489, 501 (Pa.Super.2000) (quotation marks and citations omitted) (emphasis added). In addition, it is an appellant's obligation to demonstrate which appellate issues were preserved for review. Pa.R.A.P. 2117(c), 2119(e).

Our review of the certified record reflects that Coulter failed to challenge the authority of Judge O'Reilly by seeking disqualification prior to his disposition of her case. Likewise, Coulter has failed to demonstrate where she has preserved this issue for appellate review. Accordingly, we are constrained to conclude that this issue is waived.

 In her final issue, Coulter contends that she is arguing that Pa.R.C.P. 233.1 violates the equal protection clause of the United States Constitution. We conclude that any such argument is waived.

Again, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This waiver rule applies even if the issue raised for the first time on appeal is a constitutional question. *ABG Promotions v. Parkway Publishing, Inc.,* 834 A.2d 613, 619 (Pa.Super.2003) (citing *Brown v. Philadelphia Tribune Co.,* 447 Pa.Super. 52, 668 A.2d 159 (1995)).

Our review of the record reflects that Coulter did not present any objection to the constitutionality or validity of Rule 233.1 to the trial court. Similarly, she has failed to demonstrate where she has preserved this issue for review by this Court. Accordingly, this issue is waived, and we decline to address it.

Finally, we observe that prior to the scheduled oral argument in this appeal, Appellees filed with this Court a request to have the above-captioned case and two other appeals brought by Coulter removed from the daily standard argument list and be accepted as submitted on the briefs, which they entitled "Petition[s] for Different Option for Case Disposition." In a *per curiam* order filed February 21, 2014, this panel denied the request sought by Appellees. However, in that order, we directed the Superior Court Prothonotary and the Court Crier to schedule the argued cases for the expedited argument list on March 4, 2014, at 9:30 a.m. In addition, we excused Appellees from oral argument and permitted them to rely upon their briefs, if they so chose.

 Although we allowed expedited oral argument in the case *sub judice,* we take this opportunity to reiterate that oral argument is not a matter of right. This Court, in its discretion, may direct that any case brought before it be removed from an argued list and considered on the submitted briefs. We may also curtail the time allocated for oral argument in our sole discretion.

In support, we cite to Pennsylvania Rule of Appellate Procedure 2315, which provides in relevant part as follows:

**Rule 2315. Time for Argument; Argument Lists**

**(a) General rule. Oral argument is not a matter of right** and will be permitted only to the extent necessary to enable the appellate court to acquire an understanding of the issues presented. **The presiding judge may terminate the argument for any party** notwithstanding the fact that the maximum time for argument specified in the applicable provision of these rules has not been exhausted.

Pa.R.A.P. 2315(a) (emphasis added).

We repeat that oral argument is only necessary "to enable [this Court] to acquire an understanding of the issues." *Id.* Further reflective of this fact is this Court's published internal operating procedure, which removes from oral argument all appeals in post-conviction relief cases.

**Submitted Cases.**

A. All post-conviction hearing cases shall be submitted on the briefs and record unless otherwise directed by the

Court upon its own motion or upon application of a party.

Published I.O.P. 65.36. Clearly, an entire class of cases is denied the opportunity to proceed to oral argument, as a matter of course.

As such, our *per curiam* order, which addressed Appellees' request to move this case to the submitted list and permitted Coulter the opportunity to argue her case on the expedited list, should not be considered as anything more than this Court granting Coulter a measure of courtesy in permitting her to appear at oral argument. The opportunity to participate in oral argument is discretionary with our Court.

Order affirmed.

WECHT, J., Concurs in the Result.