J-A19038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEAN COULTER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| STANTON LEVENSON, SALLY FRICK, | : | |
| THOMAS FORREST, DENNIS HOERNER, | : | |
| CHRISTINE STUDENY AND WILLIAM R. | : | |
| SHAFFER, | : | |
| | : | |
| Appellants | : | No. 1279 WDA 2014 |

Appeal from the Order entered on July 28, 2014
in the Court of Common Pleas of Allegheny County,
Civil Division, No. GD-14-1506

BEFORE:  BENDER, P.J.E., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 22, 2015**

Following the initiation of this appeal by Jean Coulter ("Coulter"), *pro se*, Christine Studeny ("Studeny") filed a Motion to Quash, asserting that the Order at issue in this appeal is interlocutory and unappealable.  We grant the Motion to Quash and quash the appeal.

Briefly, following myriad *pro se* suits and appeals initiated by Coulter in the past few years,[1] on January 31, 2014, Coulter filed a *pro se* Complaint against Studeny and the above-captioned co-defendants, alleging, *inter alia*, breach of contract, and the deprivation of Coulter's due process and other

---

[1] In an Opinion concerning one of Coulter's numerous prior appeals, this Court summarized some of the protracted procedural history, and discussed Coulter's litigiousness.  **See Coulter v. Ramsden**, 94 A.3d 1080, 1082-83 (Pa. Super. 2014).

constitutional rights.[2]  Two months later, Studeny filed a Motion to dismiss the Complaint pursuant to Pa.R.C.P. 233.1 (providing a means for dismissal of frivolous, *pro se* actions).  The trial court granted Studeny's Motion to dismiss.

Notably to this appeal, Studeny attached as an exhibit to her Motion to dismiss a copy of an Opinion (hereinafter "the challenged Opinion") authored by the Butler County judge who presided over the termination proceedings involving Coulter.  In response to the inclusion of the challenged Opinion, on July 28, 2014, Coulter filed a *pro se* "Emergency Petition for Special Relief." Coulter sought an order by the trial court to seal the challenged Opinion because it contained information that her parental rights had been terminated.  According to Coulter, the challenged Opinion was a "confidential adoption record," pursuant to the provisions of the Pennsylvania Adoption Act, 23 Pa.C.S.A. § 2101 *et seq*.  Coulter particularly relied upon 23 Pa.C.S.A. § 2910 (setting forth the criminal penalty for unauthorized disclosure of confidential adoption information), and 23 Pa.C.S.A. § 2915 (governing confidentiality of adoption records).  The trial court denied Coulter's Emergency Petition by an Order entered on July 28, 2014 (hereinafter "the appealed Order"), the subject of Coulter's present appeal.

---

[2] Coulter's claims against the defendants arise out of the termination of her parental rights to her daughter in 2011, by the Butler County Court of Common Pleas.  Studeny is an Assistant District Attorney in Butler County. The remaining defendants include Butler County law enforcement and judicial officers, and two of Coulter's prior attorneys.

It is undisputed that the appealed Order is not a final order. However, Coulter contends that it is appealable as a collateral order, pursuant to Pa.R.A.P. 313(a) and (b) (providing, respectively, that "[a]n appeal may be taken as of right from a collateral order[,]" and "[a] collateral order is an order separable from and collateral to the main cause of action[,] where the right involved is too important to be denied review[,] and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."); *see also Melvin v. Doe*, 836 A.2d 42, 47 (Pa. 2003) (stating that all of the above three prongs of Rule 313(b) "must be clearly present before an order may be considered collateral[,]" and "Rule 313 must be interpreted narrowly"). Coulter relies upon, *inter alia*, this Court's decision in *Berkeyheiser v. A-Plus Investigations, Inc.*, 936 A.2d 1117, 1123-24 (Pa. Super. 2007) (holding that orders involving potentially confidential and privileged materials were appealable collateral orders that could be reviewed without an analysis of the underlying negligence claim).

After review, we conclude that the appealed Order does not meet all of the prongs of Rule 313(b),[3] and is therefore not an appealable collateral order. In particular, Coulter has not established that the right involved is too important to be denied review. Indeed, she has no right to have the

---

[3] In Coulter's *pro se* Response to Studeny's Motion to Quash, she does not discuss any of the collateral order prongs or cite to Rule 313.

- 3 -

challenged Opinion sealed, nor does it contain confidential or privileged information.

The challenged Opinion concerns the statutory provisions governing involuntary termination of parental rights, *see* 23 Pa.C.S.A. §§ 2511 to 2513 (hereinafter "Chapter 25"). The confidentiality and penalty provisions of the Adoption Act (sections 2910 and 2915) upon which Coulter relies are not applicable to involuntary termination records; rather, they apply only to adoption records and confidential adoption information. *See* 23 Pa.C.S.A. § 2910 (providing a criminal penalty for willful disclosure of "confidential information *relating to an adoption*") (emphasis added); *id.* § 2915 (a) and (b) (concerning the confidentiality of *adoption* records). We have reviewed Coulter's argument to the contrary, *see* Reply Brief for Appellant at 2-6, and determine that it lacks merit. Additionally, Chapter 25 does not contain any similar provisions relating to the confidentiality of involuntary termination records. Finally, as Studeny correctly points out in her brief,

> [t]he only relief which [Coulter seeks in her Emergency Petition] is the sealing of one exhibit in one of multiple matters she has pending in various federal and state courts. The [challenged Opinion] has been filed of record multiple times in various courts. Thus, even if this Court would [] reverse the trial court, the practical implications of such a reversal are [] narrow and would not operate to accomplish [Coulter's] objective of preventing disclosure that her parental rights with respect to [her daughter] were terminated.

Brief for Appellee at 9-10.

Because Coulter failed to establish all of the prongs of the collateral order doctrine, this appeal is interlocutory, and we lack jurisdiction to address it. Therefore, we grant Studeny's Motion to Quash the appeal.

Motion to Quash granted. Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2015