J-A26037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LANCELOT ROBERTSON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PETER BALFE AND MICHELLE BALFE | : | No. 242 WDA 2016 |

Appeal from the Order entered January 29, 2016
in the Court of Common Pleas of Allegheny County,
Civil Division, No(s): AR-14-004923

BEFORE:  BENDER, P.J.E., RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED NOVEMBER 15, 2016**

Lancelot Robertson ("Robertson") appeals, *pro se*, from the Order denying his Post-trial Motion, which he filed following a jury verdict against him and in favor of Michelle Balfe and Peter Balfe (collectively "the Balfes").[1] We affirm.

The trial court concisely summarized the relevant history underlying this appeal as follows:

> [Robertson] commenced this action by filing a [*pro se* C]omplaint with the [M]agisterial [D]istrict [J]udge [("MDJ") in the Brookline section of Pittsburgh] against his backdoor neighbors, … the []Balfes[].  The essence of Robertson's claim is

---

[1]  The trial court's docket reflects that on March 1, 2016, judgment was entered against Robertson and in favor of the Balfes.  Because the trial court's January 29, 2016 Order denying Robertson's Post-trial Motion was later reduced to judgment, and was the court's final pronouncement on the matter, it is properly appealable.  **See Johnston the Florist, Inc. v. TEDCO Constr. Corp.**, 657 A.2d 511, 513 (Pa. Super. 1995) (*en banc*) (holding that, although the appeal was taken from an order denying post-trial relief, "jurisdiction in appellate courts may be perfected after an appeal notice has been filed upon the docketing of a final judgment.").

that the Balfes have a large dog that barks continuously and the dog's barking constitutes a nuisance. On November 10, 2014, the [MDJ] dismissed the case without prejudice.

Robertson filed an appeal to the Allegheny County Court of Common Pleas on November 19, 2014. In his Complaint, Robertson claims the dog barking constitutes a nuisance pursuant to § 633.09 of the City of Pittsburgh Code of Ordinances.

The ordinance in question reads as follows:

§ 633.09 Harboring a Nuisance; Exceptions.

(a) No person shall keep or harbor any dog, cat or other animal in the City so as to create offensive odors, excessive noise or unsanitary conditions which are a menace to the health, comfort or safety of the public, or otherwise permit the commission or existence of a nuisance as defined herein.

(b) Any dog, cat or other animal, which by frequent and habitual barking, howling, screeching, yelping or baying, or in any way or manner disturbs the quiet of any person or the community, or which disturbs or endangers the comfort, repose or health of persons, is hereby declared to be committing a nuisance. No owner or person having custody of the animal shall harbor or permit it to commit a nuisance.

Robertson claimed the barking disturbs his quiet and endangers his health and comfort, and he sought damages against the Balfes in the amount of $3,000. Following an arbitration hearing, a board of arbitrators entered an award in favor of the Balfes and against Robertson on February 2, 2015. On February 9, 2015, Robertson filed an appeal from the award of the Board of Arbitrators **and demanded a jury trial** in this matter.[2]

_____

[2] The trial court additionally observed that "this [c]ourt offered [] Robertson a bench trial prior to the jury trial commencing and, even though the Balfes were willing to consent to a bench trial, Robertson was adamant that he wanted a jury trial." Trial Court Opinion, 4/13/16, at 2 (unnumbered).

Following a … trial, the jury entered a verdict on November 16, 2015[,] finding the barking of the Balfes' dog did not constitute a nuisance. Robertson filed a [M]otion for post[-]trial relief on or about December 1, 2015[,] asking for a new trial before a judge and not a jury.

Trial Court Opinion, 4/13/16, at 1-2 (unnumbered; emphasis and footnote added).

By an Order dated January 29, 2016, the trial court denied Robertson's Post-trial Motion. Robertson timely filed a *pro se* Notice of Appeal on February 17, 2016. On March 1, 2016, Robertson filed a Praecipe for the entry of judgment on the jury's verdict against him and in favor of the Balfes.

Robertson now presents the following issues for our review:

1. [Whether the trial court erred in ruling that Robertson] can't [] show [the jury] pictures of the Balfe[s'] dog barking in the direction of [Robertson's] house?

2. [Whether the trial court erred in fashioning the verdict slip, wherein the jury was asked to decide whether] … the barking of [the Balfes'] dog [was] a nuisance, when the words "[t]o the plaintiff["] were omitted on the verdict slip?

Brief for Appellant at 4 (unnumbered; issues rephrased for clarity).

We initially observe that Robertson's *pro se* brief fails to comply with the Rules of Appellate Procedure in several ways, including a lack of *any* citation to legal authority. **See** Pa.R.A.P. 2119(a); **see also** Pa.R.A.P. 2111(a). Nevertheless, we decline to find waiver and will briefly address Robertson's claims.

In his sparse Argument section,[3] Robertson seeks to have the jury verdict against him overturned, and the case remanded back to the trial court for a non-jury trial. Brief for Appellant at 8 (unnumbered). Robertson additionally avers that the judge who presided over the jury trial, the Honorable Michael Marmo, improperly influenced the jury in their decision. *Id.* at 7 (unnumbered) (asserting that "[t]he jury[,] influenced by [the Balfes] and Judge Ma[r]mo, decided in favor of [the Balfes], not according to the law [under Ordinance] 633.09 ….").

Robertson's claims do not entitle him to relief. Robertson, having been unsuccessful before a MDJ, an arbitration panel, and a jury (all of whom determined that the Balfes' dog barking does not constitute a nuisance under Ordinance 633.09), now seeks "another bite at the apple" to have his case retried in a non-jury trial. Robertson, however, was previously offered a non-jury trial, but demanded a jury trial. Robertson was provided with ample due process to have his grievance addressed. He is not entitled to retry his case in a bench trial merely because he is dissatisfied with the

---

[3] Robertson's Argument section does not develop, in any fashion, the two above-mentioned issues set forth in his Statement of Questions Presented section. This Court will not act as counsel, and will not develop arguments on behalf of an appellant. *See Coulter v. Ramsden*, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) (stating that mere issue spotting without analysis or legal citation to support an assertion precludes appellate review of a matter).

jury's verdict. Moreover, Robertson offers nothing in support of his bald, single-sentence allegation of impropriety by Judge Marmo.[4]

Accordingly, we affirm the Order denying Robertson's Post-trial Motion, and rule that the judgment entered against Robertson is proper.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016

---

[4] The certified record does not contain a transcript from the jury trial. Robertson indicated in his Notice of Appeal that the trial was not transcribed.