# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott Newton Kerns,               :
                    Appellant     :
                                  :     No. 234 C.D. 2016
            v.                    :     Submitted: November 10, 2016
                                  :
J.L.R.                            :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                **FILED: March 8, 2017**

Scott Newton Kerns (Kerns), representing himself, appeals from an order of the Berks County Court of Common Pleas (trial court)[1] granting J.L.R.'s (the victim) motion to dismiss his complaint, and barring him from filing similar claims against the victim under Pa. R.C.P. No. 233.1. Kerns argues the trial court was biased, and it erred by disregarding a default judgment obtained against the victim's mother and by not requiring an answer. Discerning no error below, we affirm.

## I. Background

Kerns is currently incarcerated in State Correctional Institution-Frackville for sexual assault on the victim when she was a child. He was charged and pled guilty on May 14, 2001, docketed on the trial court's criminal docket at CR-371-2001, to indecent deviate sexual intercourse with a child under 13 years of

---

[1] The Honorable Madelyn S. Fudeman presided.

age.  He was sentenced to 90 months to 20 years.  Records indicate the Superior Court affirmed the judgment of sentence, and Kerns did not seek further review. See Commonwealth v. Kerns, 844 A.2d 1282 (Pa. Super. 2003).

While incarcerated, in 2007 Kerns filed a *pro se* civil suit (No. 07-8445) in Berks County naming Richard Joyce Esq., the Muhlenberg Township Police Department, Gail Chiodo, Esq., the victim, and Tonya Helaine Tharp (Tharp) (collectively, Defendants) (First Complaint).  In the First Complaint, Kerns alleged the victim made false statements to the police and filed a false police report, causing Kerns' alleged false arrest and imprisonment.

The victim filed preliminary objections to the First Complaint, which the trial court sustained.  Ultimately, the trial court dismissed with prejudice the First Complaint against the Defendants, including the victim.  This Court affirmed the trial court in Kerns v. Joyce (Pa. Cmwlth., No. 874 C.D 2010, filed December 10, 2010) (unreported), appeal denied, (Pa., No. 78 MAL 2011, filed June 7, 2011).

In October 2015, Kerns filed the complaint underlying this matter, (Second Complaint).  The Second Complaint contains allegations that are similar to those raised and dismissed in the First Complaint.  Kerns asserted the victim conspired with her mother (Kerns' ex-wife) to imprison him for a crime he did not commit.  He alleged the victim "lie[d] to the court and authorities by conspiring with her mother to put [Kerns] in prison."   Supplemental Reproduced Record[2]

---

[2] Because the trial court granted Kerns *in forma pauperis* status, he was not required to file a reproduced record.

(S.R.R.) at 27b; Second Complaint at ¶6. He also claimed the victim's mother admitted his innocence in a separate civil suit in which he obtained a default judgment. By allegedly giving false statements, Kerns contends the victim violated his constitutional rights to due process and liberty.

In response, the victim filed a motion to dismiss the Second Complaint under Pa. R.C.P. No. 233.1. In the motion, she explained Kerns filed the First Complaint against her in 2007, which contained similar allegations regarding her allegedly false statements. She asserted the trial court already resolved those claims when it dismissed the First Complaint. Because the First Complaint and the Second Complaint contain similar claims against her, which the trial court resolved in her favor in a court proceeding, she contended dismissal under Rule 233.1 was appropriate.

After hearing argument on the motion, the trial court dismissed the Second Complaint with prejudice pursuant to Rule 233.1. In the same order, the trial court barred Kerns "from pursuing additional *pro se* litigation against [the victim], raising the same or related claims without leave of court." Tr. Ct., Order, 12/21/15. Kerns appealed the order to this Court.[3]

---

[3] Although the victim notes Kerns should have filed the appeal in Superior Court, Appellee's Brief at 2, n.1, no one objects to our jurisdiction. 42 Pa. C.S. §704. Further, we addressed the trial court's dismissal of similar litigation involving the victim and Tharp in Kerns v. Joyce (Pa. Cmwlth., No. 874 C.D 2010, filed December 10, 2010) (unreported). The trial court's dismissal of his second complaint against Tharp is also on appeal, now pending at Kerns v. Tharp (Pa. Cmwlth., No. 669 C.D. 2016, filed March 8, 2017). Thus, we retain jurisdiction in the interest of judicial economy.

3

The trial court directed Kerns to file a concise statement of the errors complained of on appeal under Pa. R.A.P. 1925(b).  In its Rule 1925(a) opinion, the trial court reasoned dismissal under Rule 233.1 was proper because the issues were fully litigated "for a whole host of procedural and substantive reasons including … Res Judicata, Collateral Estoppel, Law of the [C]ase Doctrine and Statute of Limitations."  Tr. Ct., Slip Op., 6/3/16, at 5.  The trial court added that allowing Kerns to relitigate his claims would allow him to re-victimize the victim.

This Court granted Kerns' request for *in forma pauperis* status.  The matter is briefed and ready for our disposition.

## II. Discussion

On appeal,[4] Kerns assigns error to the trial court in three respects: (1) by dismissing the Second Complaint based on bias and prejudice; (2) by disregarding newly discovered evidence to prove the allegations; and, (3) by not requiring the victim to answer the Second Complaint.

As to his first assignment of error, Kerns does not describe any bias or prejudice shown by the trial court.  Because Kerns did not brief this argument, we need not address it.  See Pa. R.A.P. 2119.

---

[4] A trial court's grant of a motion to dismiss pursuant to Pa. R.C.P. No. 233.1 is subject to an abuse of discretion standard.  Coulter v. Ramsden, 94 A.3d 1080, 1086 (Pa. Super. 2014).  To the extent an appeal involves interpretation of the rules of civil procedure, an appellate court's standard of review is *de novo*.  Id.

4

In his second assignment of error, Kerns claims the trial court was required to consider new evidence in the form of a default judgment he obtained against the victim's mother in another civil proceeding. From our review of his uncounseled brief, it appears Kerns considers the default judgment an admission that the victim and her mother conspired to imprison him. See Appellant's Br. at 6. He contends the trial court abused its discretion in dismissing the Second Complaint without allowing him to prove his claims based on these admissions.

It bears emphasis the default judgment is against the victim's mother, not the victim. "A default judgment operates as an admission <u>by the defendant</u> of the truth of all facts well[-]pleaded." <u>Wilson v. Maryland Cas. Co.</u>, 105 A.2d 304, 312 (Pa. 1954) (emphasis added). Further, Kerns offers no grounds for attributing any alleged admissions to the victim. The alleged admissions, attached to Kerns' brief as Exhibit B, concern the mother's actions, not the victim's actions.

Moreover, Kerns' arguments reflect his misapprehension of the basis of the trial court's dismissal of the Second Complaint. In his brief, Kerns argues the merits of the Second Complaint, when the trial court dismissed it based on the merit of the victim's motion to dismiss under Rule 233.1.

Rule 233.1 provides, in pertinent part, as follows:

(a) Upon the commencement of any action filed by a pro se plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

(1) the <u>pro se plaintiff is alleging the same or related claims which the pro se plaintiff raised in a prior action against the same</u> or related <u>defendants</u>, and

5

(2) <u>these claims have already been resolved pursuant to</u> a written settlement agreement or <u>a court proceeding</u>.

(b) The court may stay the action while the motion is pending.

(c) Upon granting the motion and dismissing the action, the court may bar the pro se plaintiff from pursuing additional pro se litigation against the same or related defendants raising the same or related claims without leave of court.

(d) The court may *sua sponte* dismiss an action that is filed in violation of a court order entered under subdivision (c).

Pa. R.C.P. No. 233.1 (emphasis added). In its 2010 Explanatory Comment to the rule, our Supreme Court explained its purpose to provide relief to defendants from repetitive litigation filed by *pro se* plaintiffs.

Our Superior Court described the applicability of Rule 233.1 as follows:

Rule 233.1 was promulgated by our Supreme Court in 2010 to stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants disaffected by prior failures to secure relief for injuries they perceived but could not substantiate. Accordingly, the drafting committee constructed the Rule with attention to potential manipulation of the legal process by those not learned in its proper use, seeking to establish accountability for *pro se* litigants commensurate with that imposed upon members of the Bar. <u>Thus, the Rule operates to spare potential defendants the need to defend spurious claims, first, by allowing the expeditious dismissal of duplicative *pro se* actions and, second, by empowering the trial court to ban the pro se litigant's commencement of further actions against such defendants.</u>

6

Gray v. Buonopane, 53 A.3d 829, 835 (Pa. Super. 2012), appeal denied, 64 A.3d 632 (Pa. 2013) (emphasis added).

This Court recognizes "the requirements of Rule 233.1 are not as stringent as the traditional collateral estoppel requirements." Guarrasi v. Gambardella (Pa. Cmwlth., No. 92 M.D. 2014, filed October 17, 2014), 2014 WL 5320555, at *4 (unreported). It is sufficient for a movant for dismissal to establish the claims were related and that they were resolved. Id.; Gray.

Here, the claims are related in that they all pertain to the victim's statements to the court and authorities that led to Kerns' conviction for sexual assault on a child. Specifically, in the First Complaint, Kerns alleged that:

> 20. … [the victim] committed perjury by making 4 inconsistent statements throughout the entire case.
>
> 21. … [the victim] made a false police report against [Kerns].
>
> 22. … [the victim], as a result of the false police report[,] caused [Kerns] to be falsely arrested and imprisoned.

S.R.R. at 42b. In the Second Complaint, Kerns alleged that:

> 6. … [the victim] did lie to the court and authorities by conspiring with her mother to put [Kerns] in prison.
>
> 7. … [the victim] knew that she was lying to the court and conspiring with her mother when [she] testified at the Preliminary Hearing.

7

8. [the victim] violated the following Pa[.] and U.S. constitutional rights, Due Process and Freedom of Liberty. [sic] [d]ue to her conspiring with her mother.

9. [the victim] committed a crime when she lied and conspired with her mother to put [Kerns] in prison for a crime that she knows [Kerns] did not commit.

[***]

11. … [the victim] did lie and make up stories to the [Sexual Offenders Assessment Board] board member when in fact she knew that it was all lies just to satisfy her mother.

S.R.R. at 27b.

The claims in both the First Complaint and the Second Complaint allege the victim made false statements to authorities that led to Kerns' conviction for sexual assault on the victim. As such, the claims are similar and relate to the same underlying circumstances.

The record is also clear that the claims in the First Complaint were "resolved pursuant to … a court proceeding." Pa. R.C.P. No. 233.1. The trial court heard argument on the victim's preliminary objections to the First Complaint before sustaining them and dismissing the First Complaint with prejudice. We affirmed the trial court's dismissal, and our Supreme Court declined to hear Kerns' appeal. Kerns v. Joyce.

We are unpersuaded by Kerns' argument that the victim was required to answer the allegations as opposed to filing preliminary objections. Kerns draws our attention to no authority requiring the trial court to consider the merits of his

8

claims under these circumstances. Indeed, as construed by our sister court, Rule 233.1 does not require that "a matter has progressed to a 'final judgment on the merits.'" Gray, 53 A.3d at 836 (citation omitted).

We review the trial court's dismissal under an abuse of discretion standard. Coulter v. Ramsden, 94 A.3d 1080 (Pa. Super. 2014). "[T]he court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason [or] if it does not follow legal procedure." Id. at 1086.

We discern no abuse of discretion by the trial court here. The trial court properly applied Rule 233.1. Rule 233.1 was designed to protect defendants like the victim from duplicative litigation. Kerns fully litigated the dismissal of the First Complaint in Kerns v. Joyce. Based on the similarity of the claims, and their prior resolution by the appellate courts, Rule 233.1 authorized the trial court to dismiss the Second Complaint on the victim's motion. Accordingly, the victim had no obligation to answer Kerns' allegations.

### III. Conclusion

For the foregoing reasons, the trial court's order is affirmed.

_____
ROBERT SIMPSON, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott Newton Kerns,            :
         Appellant      :
                             :    No. 234 C.D. 2016
          v.             :
                             :
J.L.R.                         :

## **O R D E R**

**AND NOW**, this 8th day of March, 2017, the order of the Berks County Court of Common Pleas is **AFFIRMED**.

 

 

                                        _____
                                        ROBERT SIMPSON, Judge