J-S36034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

SHIRIEKA GREENE : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
AL-JERNON SMITH :
:
Appellant : No. 661 WDA 2025

Appeal from the Order Entered May 1, 2025
In the Court of Common Pleas of Blair County
Civil Division at No(s): No. 2025 GN 1268

BEFORE: PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED: October 27, 2025**

Al-Jernon[1] Smith appeals *pro se* from the final order granting Shirieka

Greene's petition filed pursuant to the Protection from Abuse ("PFA") Act, 23

Pa.C.S. §§ 6101-6122. After our review of the record, we affirm.

As cogently summarized by the trial court:

[Greene, in filing her PFA petition,] accused . . . Smith of making
constant threats against her, including threats to kill her. In
particular, [Greene] detailed an incident that occurred on April 18,
2025, where [Smith] allegedly spat on her face and threatened to
kill her during the custody exchange of their nine-year-old
daughter. A hearing was scheduled on the matter on May 1, 2025,
with both parties appearing *pro se*. Following the presentation of
testimony and witnesses by both parties, the court granted the
PFA petition[, entering a one-year final protective order against
Smith,] on May 1, 2025.

---

* Retired Senior Judge assigned to the Superior Court.

[1] Appellant's first name is also spelled "Al Jernon" and "Aljernon" in the record.

Trial Court Opinion, 7/7/25, at 1.

Smith timely appealed from the court's order and, in his notice of appeal, absent any directive from the court, included a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

On appeal, Smith presents three issues for review:

1. Did the trial court err by refusing to review [his] exhibits and by failing to ensure that [he] received the full hearing transcript, thereby depriving him of the opportunity to present a full defense and meaningful appellate review?

2. Was the PFA order supported by clear and convincing evidence where the related criminal charge resulted in a ["n]ot [g]uilty["] verdict and no corroborating witnesses or physical evidence existed?

3. Did the trial court err by permitting the PFA statute to be misapplied as a means of restricting [his] custodial rights, contrary to legislative intent and controlling precedent?

Appellant's Brief at 3 (unpaginated; unnecessary capitalization and headings omitted).

"Our standard of review for PFA orders is well settled. In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." ***E.K. v. J.R.A.***, 237 A.3d 509, 519 (Pa. Super. 2020) (cleaned up).

Smith's first claim, spanning four sentences, dually argues that the court refused to review his exhibits and that he did not receive "the full certified transcript" in time for including citations thereto in his appellate brief.

Appellant's Brief at 4-5 (unpaginated). As to the former contention, Smith has pointed to nowhere in the record where he attempted to admit these exhibits. As to the latter, Smith fails to appreciate that the complained-of transcript became part of the appellate record on July 7, 2025, more than one month before he filed his appellate brief in this Court.

Although Smith's brief is woefully deficient and his argument section is missing fundamental components, *see, e.g.*, Pa.R.A.P. 2119(a)-(c), and (e) (requiring, *inter alia*, the argument section to include "a reference to the place in the record where the matter referred to appears"), the court disposed of his exhibit-related contention as follows:

> [Smith] . . . claims that he was not allowed to submit texts, screenshots, and a timeline concerning the incident. In order to preserve a claim for the exclusion of evidence, the court must make a ruling excluding the evidence and the party must "[inform] the court of [the evidence's] substance by an offer of proof, unless the substance was apparent from the context." Pa.R.E. 103(a)(2). In the instant case, however, no ruling was issued excluding evidence because [Smith] at no point sought to enter this evidence as an exhibit: [Smith] never laid the foundations for the introduction of this evidence, nor did he provide any testimony or evidence concerning its authenticity or substance. [Smith] was thus not barred from submitting evidence: he simply failed to do so. Furthermore, much of the evidence [Smith] sought to enter concerned a dispute over child support and was not relevant to the PFA petition.

Trial Court Opinion, 7/7/25, at 2-3.

Notwithstanding the trial court's substantive review, we emphasize that, on appeal, "[w]hen briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for

- 3 -

our review." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted). "The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited." **Id.** (citations omitted). Moreover, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." **Id.** (citation omitted). We have found waiver where "the argument section of [the a]ppellant's brief merely consists of general statements unsupported by any discussion and analysis of relevant legal authority." **Coulter v. Ramsden**, 94 A.3d 1080, 1088 (Pa. Super. 2014). In addition, we will not "scour the record to find evidence to support an argument." **Slomowitz v. Kessler**, 268 A.3d 1081, 1105 (Pa. Super. 2021). Accordingly, "when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." **Hardy**, 918 A.2d at 771 (citations omitted).

Smith's four-sentence attempt at arguing what is effectively two issues has significantly impeded our review. Although he may have endeavored to offer exhibits for admission at trial, he has provided no evidence of the same. Without any indication of these attempts, we can only assume that the trial court was correct insofar as he *never attempted to admit such exhibits*. Separately, as stated *supra*, the transcript is a part of the appellate record and, based on our review thereof, we note that the transcript was available to

Smith at least one month before Smith filed his brief in this Court. Therefore, irrespective of whether waiver is the appropriate resolution for his hybrid claim, Smith is, in any event, due no relief based on his failure to demonstrate that the trial court committed an error of law or abuse of discretion.

In his second appellate contention, also spanning four sentences, Smith avers that the court "granted a PFA [order] based solely on [Greene's] allegations. Yet in the criminal case from the same incident, the court acquitted [him] of harassment due to lack of evidence." Appellant's Brief at 5 (unpaginated). We find no relief is due.

Regarding the purpose of the PFA Act, we have noted the following:

The PFA Act does not seek to determine criminal culpability. A petitioner is not required to establish abuse occurred beyond a reasonable doubt, but only to establish it by a preponderance of the evidence. A preponderance of the evidence standard is defined as the greater weight of the evidence, *i.e.*, enough to tip a scale slightly.

> When a claim is presented on appeal that the evidence was not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. This Court *defers to the credibility determinations* of the trial court as to witnesses who appeared before it.

*E.K.*, 237 A.3d at 519 (emphasis added; citations omitted; cleaned up).

In accordance with *E.K.*'s precepts, the evidentiary threshold necessary to grant a PFA order, requiring a preponderance of the evidence, is wholly

different, and less exacting, than a criminal case, which necessitates proof beyond a reasonable doubt to secure a conviction. Thus, Smith's singular bald contention that he is entitled to relief under a preponderance of the evidence standard simply because a disparate result was reached in a corresponding criminal case, a case which required proof beyond a reasonable doubt, is without merit. Accordingly, we conclude no relief is due.

In his third issue, comprised of five sentences within Smith's appellate brief, Smith contends that "[t]he timing of [Greene's] petition filed during ongoing custody conflicts reveals retaliatory motive." Appellant's Brief at 5 (unpaginated). Appended to Smith's brief are a series of text messages that apparently show "escalation" in Greene's behavior. *See id.* at Exhibits B-C.[2] In response, the court succinctly wrote that it had "full discretion in regard to credibility determinations and the weight of evidence submitted during the PFA hearing." Trial Court Opinion, 7/7/25, at 4. Upon review, Smith is not entitled to relief.

Given the terse nature of his writing, the precise thrust of Smith's argument at this point is unclear. Nevertheless, to the extent Smith is raising some legal contention beyond what the court construed as a challenge to its credibility determinations, these implicit assertions are waived for lack of

_____

[2] Smith has provided no evidence that these exhibits were ever submitted to the trial court for review.

development. **See Hardy**, **supra**. Thus, after eliminating all innuendo, we are only left with the court's virtually unassailable credibility determinations of Greene, which allowed the court to reach the conclusion that her purpose for seeking the PFA order was simply not retaliatory. Therefore, despite Smith's broad accusation that the PFA process, here, was weaponized against him, i.e., both retaliatory in nature and stemming from an ongoing custody dispute, Smith has failed to demonstrate that the court committed an error of law or abused its discretion in granting Greene's petition.

We further note that the three cited cases and two appended text message exchanges included in Smith's brief are neither self-proving nor, in a vacuum, an indication of a broader point of law. Although Smith contends that a "retaliatory motive" is "improper," he fails to develop, for instance: (1) what constitutes a "retaliatory motive" by way of statute or caselaw; (2) how a "retaliatory motive," here, was evident before the trial court; and (3) assuming *arguendo* an improper "retaliatory motive" was demonstrated and thereafter appropriately preserved for appellate review, under what circumstances does such a tainted motive demonstrate the necessity to reverse the trial court's rulings. With these questions unexplained over the course of the five sentences dedicated to the issue in Smith's brief, we reiterate our conclusion that Smith did not meet his burden in demonstrating any error underpinning the trial court's PFA order. **Cf. Hardy**, **supra** (stating, again, that we will not act as counsel for appellant).

As Smith is due no relief on any of the three issues that he has raised, we affirm the order granting Greene's PFA petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/27/2025