J-A17016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WALIYYUDDIN S. ABDULLAH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JUSTIN DAVIDS, KATLIN ELWOOD, BRENDAN MCMORAN, AND BRANCH BANK MANAGER | No. 261 EDA 2017 |

Appeal from the Order January 6, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 161100075

BEFORE:  GANTMAN, P.J., RANSOM, J., and PLATT, J.[*]

JUDGMENT ORDER BY RANSOM, J.:                    **FILED AUGUST 23, 2017**

Appellant, Waliyyuddin S. Abdullah, appeals *pro se* from the order entered on January 6, 2017, dismissing Appellant's *pro se* complaint as frivolous pursuant to Pennsylvania Rule of Civil Procedure 233.1. Additionally, the trial court barred Appellant from filing any further claim or cause of action *pro se* in the court against same defendants or related parties without leave of court.  We affirm.

We adopt the following procedural history from the trial court opinion, which in turn is supported by the record.  ***See*** Trial Court Opinion (TCO), 3/1/17, at 1-2.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On January 18, 2013, Appellant filed his first lawsuit against Wells Fargo Bank and Bank of America ("Banks") in federal court. He alleged that, in December of 2012, the Banks failed to respond to his inquiries or application for a small business loan. Appellant alleged that the Banks' failure to provide him with a loan was the product of racial discrimination.

Since his original action, Appellant has unsuccessfully litigated the same factual claim six times, under a variety of constitutional and statutory theories, in both state and federal courts. The actions were dismissed for various procedural and substantive reasons. The instant matter is Appellant's seventh attempt. On appeal, Appellant raises several issues concerning the litigation of his claims, *res judicata*, and alleged collusion between defendants and the Commonwealth. **See** Appellant's Brief at 7, 10-13.

Rule 233.1 provides, in relevant part, as follows:

**Frivolous Litigation. Pro Se Plaintiff. Motion to Dismiss**

(a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

(1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

(2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

(b) The court may stay the action while the motion is pending.

(c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of the court.

Pa.R.C.P. 233.1. Further,

Rule 233.1 does not require the highly technical prerequisites of res judicata or collateral estoppel to allow the trial court to conclude that a *pro se* litigant's claims are adequately related to the addressed prior litigation. Nor does it require an identity of parties or capacities in which they sued or were sued. **Rather, it requires a rational relationship evident in the claims made and in the defendant's relationships with one another to inform the trial court's conclusion that the bar the Rule announces is applied.**

***Gray v. Buonopane***, 53 A.3d 829, 838 (Pa. Super. 2012) (emphasis added).

Rule 233.1 provides Appellees with a judicial mechanism to bring finality to Appellant's myriad *pro se* filings. Our standard of review is as follows:

"To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is de novo. To the extent that this question involves an exercise of the trial court's discretion in granting [a] "motion to dismiss," our standard of review is abuse of discretion."

***Coulter v. Ramsden***, 94 A.3d 1080, 1086 (Pa. Super. 2014), appeal denied, 110 A.3d 998 (Pa. 2014), cert. denied, 136 S. Ct. 44 (2015).

All of Appellant's cases are rationally related. The cases involve defendant Banks and their employees. Though the claims were brought under various constitutional and statutory provisions, the facts

remain the same: the Banks, and their employees, failed to respond to Appellant's inquiries regarding a small business loan. After careful review, we conclude that the relationship requirements laid out in Rule 233.1 are established in the instant case. Thus, the trial court did not err or otherwise abuse its discretion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/23/2017