J-S45002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JESSE R. HILES, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BOROUGH OF LANSFORD, | |
| Appellee | No. 250 EDA 2019 |

Appeal from the Judgment Entered February 21, 2019
In the Court of Common Pleas of Carbon County
Civil Division at No(s):  16-2229

BEFORE:  BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 07, 2019**

Appellant, Jesse R. Hiles, appeals from the judgment entered in favor of Appellee, Borough of Lansford ("Lansford"), following a non-jury trial.  We affirm.

The trial court summarized the factual and procedural history of this case as follows:

> On September 14, 2016, [Appellant] filed a Complaint against [Lansford] asserting that water run-off caused by [Lansford's] construction is damaging his triangularly[-]shaped property located at the intersection of Cortright Street and West Ridge Street in Lansford.  On February 3, 2017, [Lansford] filed an Answer and New Matter averring that storm water is a common enemy that enters [Appellant's] property as a natural effect of the elevation.
>
> Following a non-jury trial held before this [c]ourt on July 25, 2017, and September 22, 2017, proposed Findings of Fact and

_____

[*] Retired Senior Judge assigned to the Superior Court.

Conclusions of Law were submitted by counsel for both parties on November 3, 2017.  On June 1, 2018, upon review of counsels' submissions and careful consideration of the evidence presented at trial, this [c]ourt entered a decision and verdict finding that [Appellant] had failed to establish by a preponderance of the evidence that [Lansford] caused an increase in the amount of water that runs from West Ridge Street and Cortright Street onto [Appellant's] property during rain storms.  Accordingly, this [c]ourt found in favor of [Lansford] on all claims set forth in [Appellant's] Complaint.[1]

On June 11, 2018, [Appellant] filed a post-verdict motion.  On July 25, 2018, [Lansford] filed a brief in opposition to that motion.  The parties agreed to waive oral argument on [Appellant's] motion, which was scheduled for August 24, 2018, and rely upon their filings.  On December 20, 2018, this [c]ourt entered an order denying [Appellant's] motion.

On January 18, 2019, [Appellant] filed a notice of appeal to the Superior Court.  On January 28, 2019, this [c]ourt entered an order directing [Appellant] to file of record, within twenty-one (21) days, a concise statement of the matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On February 14, 2019, as a final judgment had not been entered in this matter, the Superior Court entered an order directing [Appellant] to *praecipe* the Carbon County Prothonotary to enter judgment on [the trial court's] decision.  On February 15, 2019, [Appellant] submitted a concise statement in compliance with [the court's] order.  On February 19, 2019, [Appellant] filed a *praecipe* for judgment and, on February 21, 2019, judgment was entered in favor of [Lansford] and against [Appellant].[1]

> [1] As provided in the Superior Court's order of February 14, 2019, [Appellant's] notice of appeal will be treated as having been filed on February 21, 2019, after the entry of judgment in this matter.  *See* Pa.R.A.P. 905(a)(5).

Trial Court Opinion, 4/15/2019, at 1-3.

Presently, Appellant raises five issues for our review:

---

[1] Specifically, Appellant's complaint included counts for trespass, injunctive relief, and *de facto* taking.

- 2 -

1. Whether the [v]erdict was supported by the evidence presented?

2. Where the Pennsylvania Storm[ W]ater Management Act, 32 P.S. [§] 680[.]13[,] requires a landowner and any person engaged in the alteration or development of land which may affect storm water run-off characteristics to implement such measures as are consistent with the provision of the applicable storm[]water management plan and as are reasonably necessary to prevent injury to health, safety or property with the purpose being to assure that the maximum rate of storm[]water run-off is no greater after development tha[n] prior to development and to manage the quality, velocity and direction of the resulting storm[]water run[-]off in such a manner as to adequately protect health and property from possible injury[,] did the court correctly apply this Act to the facts presented?

3. Whether the [c]ourt erred in not allowing [Appellant] to present testimony from David Hiles, who has a degree in engineering as to the cause of the increased water run-off onto the property of his brother, [Appellant] herein?

4. Whether [the trial c]ourt misapplied the [l]aw to the facts presented and is contrary to law [*sic*] in that it applied the "[c]ommon [e]nemy" rule to the facts of this case because the "[c]ommon [e]nemy" [r]ule does not apply where the owner of the higher ground diverts the water from a natural channel[,] ***LaFoam v. Bethlehem Twp.***, … 499 A.2d 1372 ([Pa. Super.] 1985)[,] which the testimony showed was done as a result of the work done in approximately 1996 when [Lansford] re-graded the entire roadway to change the roadway from a swale[-]type roadway to a crowned roadway. This provision only applies to protect an owner of higher ground from liability due to damage caused by water **naturally** flowing from one level to another which is not the case at [b]ar? [*sic*]

5. Whether [Lansford] assumed the responsibility for the water run-off to the roadway based upon [its] making various attempts to address the water run-off including[,] but not limited to[,] installing a swale with blacktop, placing a bituminous curb along the roadway, laying stone, placing fill into the gullies and trenches created by the water run[-]off, and installing curbing and handicapped ramps in the area?

Appellant's Brief at iv-v (emphasis in original).

Although Appellant raises five issues in his statement of questions involved, he does not divide the argument section of his brief "into as many parts as there are questions to be argued…." Pa.R.A.P. 2119(a). Furthermore, despite raising multiple issues, the entire argument section of Appellant's brief consists of a mere three pages. *See* Appellant's Brief at 6-8. Therein, Appellant provides only two case citations — with no meaningful analysis accompanying them — to support his five claims. *See id.* It is well-established that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." *Coulter v. Ramsden*, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) (citations omitted); *see also* Pa.R.A.P. 2119(a) (requiring that the argument section have "such discussion and citation of authorities as are deemed pertinent"). "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." *Coulter*, 94 A.3d at 1088 (citations and internal quotation marks omitted). Moreover, Appellant completely fails to cite to the record in his argument section, even though he devotes most of his three-page argument to discussing and challenging certain testimony given at trial. *See* Pa.R.A.P. 2119(c) ("If reference is made to the … evidence … or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears….");

Appellant's Brief at 7-8 (arguing which witnesses' testimony should be found credible). In addition, Appellant neglects to include a table of citations and a statement of both the scope of review and standard of review in his brief. ***See*** Pa.R.A.P. 2174(b); Pa.R.A.P. 2111(a)(3). These multiple deficiencies hinder our review. Accordingly, we conclude that Appellant's issues are waived, and therefore affirm the trial court's judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/19