J-A16041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY ELTON SMITH | : | |
| | : | |
| Appellant | : | No. 61 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 16, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007804-2019

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED AUGUST 03, 2021**

Appellant Timothy Elton Smith appeals from the judgment of sentence entered in the Court of Common Pleas of York County on November 16, 2020, for his convictions of driving while operating privilege is suspended or revoked and registration and certificate of title required following a non-jury trial.[1] Upon our review, we affirm.

The trial court set forth the facts and procedural history herein as follows:

> [Appellant] was charged with one count of Driving While Operating Privilege Suspended or Revoked under 75 PA. CONS. STAT. § 1543 (b)(1)(iii) and one count of Registration & Certificate of Title Required under 75 PA. CONST. STAT. § 1301 (a). Information, January 24, 2020. The facts giving rise to the charges are as follows.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 75 Pa.C.S.A. § 1543(b)(1)(iii) and 75 Pa.C.S.A. §1301(a), respectively.

On October 11, 2019, Officer Jason Gracey of the West Manchester Township Police Department was traveling south on the 2100 block of Carlisle Road in West Manchester Township. Police Criminal Complaint at p. 5. Officer Gracey followed a Ford pickup truck that has a Pennsylvania registration of ZMD-1783. Id. The Officer proceeded to run a registration check through PennDOT. Id. The records indicated the vehicle's registration was expired on August 8, 2019. Id. Officer Gracey initiated a traffic stop on Carlisle Road. Id.

The driver identified as [Appellant] admitted to Officer Gracey "his driver's license was currently DUI suspended and he shouldn't have been driving". Police Criminal Complaint at p. 5. Officer Gracey checked PennDOT records which indicated that [Appellant's] driver license was DUI suspended and it was [Appellant's] fifth (5) offense for driving while operating privileges are suspended or revoked — DUI related. Id.

On January 24, 2020, [Appellant] was before the Honorable Craig T. Trebilcock for an arraignment. N.T. Arraignment, January 24, 2020, at 1. [Appellant] attempted to enter into a plea for a period of six (6) to twelve (12) months incarcerated however, [Appellant] would not accept the terms set forth by the Honorable Craig T. Trebilcock.[1] Id. at 3-4. [Appellant] then waived his arraignment and pled not guilty. Id. at 4.

On November 13, 2020, [Appellant] was present for the call of the trial list. N.T. Call of the List, November 13, 2020, at 2. The Commonwealth and [Appellant] presented a negotiated plea agreement for [Appellant] to plead guilty to Count 1 for a recommended sentence of twelve (12) months of restrictive probation, where the first ninety (90) days would be served at York County Prison, and then consecutive to that, ninety (90) days of house arrest and a mandatory fine of $2,500 with court costs.[2] Id. [Appellant] had a drug and alcohol evaluation that recommended no further treatment. Id. This [c]ourt did not accept the plea[3] and scheduled the matter for a date certain trial. Id. at 5.

On November 16, 2020, [Appellant] appeared for a non-jury trial in front of this [c]ourt. N.T. Non-Jury Trial, November 16, 2020, at 1. [Appellant] requested the court to reconsider the prior negotiated plea offer. Counsel mistakenly asserted that this court had rejected the plea because the court did not understand [Appellant] could be considered for a house arrest sentence. In fact, this court rejected the plea because of [Appellant's] abysmal driving record, much like the rejection before Judge Trebilcock. This [c]ourt again rejected the negotiated plea. Id. at 6.

The Commonwealth and the defense then proceeded to read into the record multiple stipulations. Id. at 10. The first stipulation was Commonwealth's Exhibit 1, which is [Appellant's] certified driving record. Id. Counsel stipulated to the record being authentic and the testimony of record custodian was not needed. Id. Second, Counsel stipulated that on October 11, 2019, the date in question, [Appellant's] driving privilege was suspended and that suspension was a result of a violation of § 3802 of the PA Motor Vehicle Code and that the violation occurred in 2004. Id.

Third, Counsel stipulated that [Appellant] has three (3) or more prior convictions for driving under suspension in violation of 75 PA. CONS. STAT. § 1543 (b). N.T. Non-Jury Trial, November 16, 2020, at 10. Fourth, Counsel stipulated that Commonwealth's Exhibit 2, the motor vehicle recording (herein "MVR") from Officer Gracey's patrol car, is authentic and admissible. Id. at 10-11. Fifth, Commonwealth's Exhibit 3, the vehicle record abstract, was stipulated as authentic and admissible. Id. at 11.

The Commonwealth called Officer Jason Gracey of the West Manchester Township Police as its first witness. Id. Officer Gracey testified that he initiated a traffic stop with [Appellant] on October 11, 2019, in the 2100 block of Carlisle Road in Manchester Township in York County. Id. at 12. The Officer testified that he was following a brown Ford pickup truck in which the registration, through PennDOT records, indicated was expired since August 2019. Id. at 13. Thus, the Officer initiated a traffic stop on that basis. Id. Officer Gracey testified that [Appellant] made the comment "he knew he should not have been driving, his license was suspended..." Id. [Appellant] also indicated that he had gone to court for "this stuff" and that he understood he was breaking the law. Id. at 23.

The Officer made an in-court identification of [Appellant]. The Officer also testified that he recognized Exhibit 3 as the certified registration through PennDOT records that indicated the truck bearing the license plate ZMD-1783 was expired on October 11, 2019. Id. at 15. Officer Gracey testified that this was in fact the vehicle that [Appellant] was operating at the time of the traffic stop. Id.

During sentencing, the court noted from [Appellant's] certified driving record that he had eight (8) § 1543(a) offenses and that his license would have been expired even at the time he got his DUI conviction.[4] N.T. Non-Jury Trial, November 16, 2020, at 10. This [c]ourt then found [Appellant] guilty of violating § 1543(b)(1), his fifth conviction. This [c]ourt also found [Appellant] guilty of driving an improperly registered vehicle. Id. at 23. On

- 3 -

Count 1, this [c]ourt sentenced [Appellant] to six (6) to twelve (12) months['] incarceration, a mandatory fine of $2,500, plus the cost of prosecution. Id. at 24. On Count 2 this [c]ourt imposed a fine of $25 plus the costs of prosecution. Id.

A post-sentence motion was filed on November 17, 2020, raising similar arguments that had been raised prior to trial. The post-sentence motion was denied on December 3, 2020. [Appellant] filed a Notice of Appeal on December 31, 2020. A Concise Statement of Errors was fled on January 25, 2021, asserting multiple claims. Statement of Errors Complained of on Appeal, January 25, 2021. First, [Appellant] asserts this [c]ourt erred when it rejected [Appellant's] negotiated plea agreement two different times based upon its misinterpretation and misapplication of the relevant sentencing statutes. Id. at 1. Second, [Appellant] asserts this [c]ourt violated [Appellant's] right to allocution prior to the imposition of sentence by not providing him with the opportunity to make a statement before the sentence was imposed. Id. at 3.

Third, [Appellant] asserts that this [c]ourt failed to consider all relevant sentencing factors prior to the imposition of sentence. Id. at 5. Fourth, [Appellant] asserts that this [c]ourt erred in imposing a $2,500 fine without an inquiry on the record as to whether [Appellant] could afford to pay the fine. Id. at 6. Fifth, [Appellant] asserts the evidence was insufficient to sustain [Appellant's] conviction of Registration and Certificate of Title Required. Id. Sixth, [Appellant] asserts that this [c]ourt erroneously considered the Commonwealth's Exhibits 1, 2, and 3 in making a fact finding determination because the Commonwealth did not formally admit the exhibits into evidence. Id. at 8.

---

[1] The Honorable Craig T. Trebilcock, set forth additional terms because this was [Appellant's] tenth (10th) § 1543(a) and fifth (5th) § 1543(b). The terms were that [Appellant] would not get any concurrent credit for the sentence he was then serving at York County Prison and [Appellant] had to participate in the Thinking for Change Program. N.T. Arraignment, January 24, 2020, at 3-4.

[2] [Appellant] was also requesting credit of ninety two (92) days for time served on an earlier DUS conviction.

<sup>3</sup> We note that [Appellant's] second negotiated plea would have called for a lesser period of incarceration then the plea previously negotiated before the Honorable Craig T. Trebilcock.

<sup>4</sup> Although this [c]ourt stated on the record during sentencing that this was [Appellant's] eighth § 1543(a) conviction, prior proceedings indicate it was in fact [Appellant's] tenth § 1543(a). N.T. Arraignment, January 24, 2020, at 3.

Trial Court Opinion, filed 1/20/21, at 1-9.

Despite having raised six claims in his concise statement of matters complained of on appeal, Appellant presents just one issue for our consideration in his appellate brief:

Whether the evidence was insufficient to support [Appellant's] conviction of Registration and certificate of title required—Driving without Required Registration (75 Pa.C.S.A. § 1301) where the Commonwealth failed to prove [Appellant] knew the vehicle's registration was expired, as the vehicle was not registered to [Appellant] and [Appellant] had no affirmative duty to make sure the vehicle was properly registered before driving it.

Brief for Appellant at 4.

This Court will address only those issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure. *See* Pa.R.A.P. 2101–2119. "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." ***Coulter v. Ramsden***, 94 A.3d 1080, 1088 (Pa.Super. 2014) (citation and quotation omitted). Thus, we deem waived Appellant's five claims set forth in his concise statement but not presented and developed in his appellate brief, and we proceed to examine the issue set forth above.

- 5 -

When reviewing a challenge to the sufficiency of the evidence, this Court's standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jackson*, 215 A.3d 972, 980 (Pa.Super. 2019) (quoting *Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011)).

Appellant posits he was not the registered owner of the vehicle he had been driving and the Commonwealth failed to adduce any evidence proving he knew its registration had expired, which knowledge was required for the Commonwealth to sustain a conviction under Section 1301 of the Vehicle Code. Appellant stresses that Officer Gracey testified the Ford truck was registered to Colby Smith, Appellant's son, and Appellant indicated his son had properly maintained the vehicle.

Appellant did not testify at trial that he was aware of the expired registration, and Officer Gracey stated the registration stickers previously had been eliminated. Appellant concludes that since there were no visible indicators the truck's registration had expired, the trial court's finding that Appellant knew the vehicle was unregistered was an assumption not supported by the evidence and is contrary to this Court's holding in *Commonwealth v. Karl*, 490 A.2d 887 (Pa.Super. 1985). Brief for Appellant at 10, 13-14.

As this issue requires statutory interpretation, our standard of review is *de novo*, and our scope of review is plenary. *MERSCORP, Inc. v. Del. County*, 652 Pa. 173, 207 A.3d 855, 861 (2019). In construing a statute, a court's duty is to give effect to the legislature's intent and to give effect to all of the statute's provisions. 1 Pa.C.S.A. § 1921(a); the plain language of the statute is the best indicator of the legislature's intent. *Crown Castle NG E. LLC v. Pa. Pub. Util. Comm'n*, --- Pa. ----, 234 A.3d 665, 673-74 (2020) *see also* 1 Pa.C.S.A. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursing its spirit.").

To ascertain a statute's plain meaning, we consider the operative statutory language in context and give words and phrases their common and approved usage. Courts must give effect to a clear and unambiguous statute and cannot disregard the statute's plain meaning to implement its objectives. "Only if the statute is ambiguous, and not explicit, do we resort to other means

of discerning legislative intent." ***Matter of Private Sale of Prop. by Millcreek Twp. Sch. Dist.***, 646 Pa. 339, 185 A.3d 282, 291 (2018) (citations omitted). We are also mindful that the Pennsylvania Statutory Construction Act states "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." 1 Pa.C.S.A. § 1903(a)).

The Pennsylvania Vehicle Code provides that

> "[n]o person shall drive or move and no owner or motor carrier shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this Commonwealth unless the vehicle is exempt from registration."

75 Pa.C.S.A. § 1301(a).

In analyzing the plain language and applying common rules of grammar to this statutory provision, we find that the initial clause "no person shall drive or move" refers to all who may drive or move a vehicle. This general provision is separated from the more specific reference to "owners or motor carriers" by "and." As such, Appellant's argument to the contrary, the general provision applicable to all drivers does not require "knowledge" in that it is distinct from the later language stating "no owner or motor carrier shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this Commonwealth unless the vehicle is exempt from registration."

The knowledge element is associated with the clause pertaining to an "owner or motor carrier." This interpretation may be graphically represented as follows:

[No person shall drive or move] *and* {no owner or motor carrier shall knowingly permit to be driven or moved} [{upon any highway any vehicle which is not registered in this Commonwealth unless the vehicle is exempt from registration]}.

75 Pa.C.S.A. § 1301(a) (brackets and italics added).

Even were we to deem knowledge as a requirement under the plain terms of the statute, the trial court herein, as the fact-finder, found sufficient evidence to convict Appellant of Section 1301(a). Following trial, the court determined that Appellant's acknowledgement of his propensity to knowingly violate the Vehicle Code, coupled with his immediate statement to Officer Gracey that he did not own the vehicle and should not have been driving, combined to form sufficient circumstantial evidence to determine Appellant had knowledge that the 1975 Ford's registration was expired.[2] Following our review, we agree.

Officer Gracey testified that when he initiated the traffic stop, Appellant stated "he knew he should not have been driving, his license was suspended,

---

[2] In its Rule 1925 (a) Opinion, the trial court states the following:

Officer Gracey informed [Appellant] that the reason [Appellant] was pulled over was for the vehicle's registration being expired. [Appellant] failed to produce any documentation to show the vehicle was properly registered. Should the Appellate Court agree that [Appellant] had no affirmative duty to know whether or not he carried a valid registration for the vehicle, then this [c]ourt upon return of jurisdiction will concede the error and dismiss the charge of registration and certification required — Driving without Required Registration under 75 PA. CONS. STAT. § 1301 (a).

Trial Court Opinion, filed 1/20/21, at 22.

and that he had to drive due to the fact that he was on his way to a job interview in Red Lion, Pennsylvania." N.T. 11/16/20, at 13. Appellant was agitated, and immediately exited the truck as Officer Gracey approached. Officer Gracey's attention was heightened, as he thought a confrontation may ensue. *Id*. at 16. A portion of the motor vehicle stop was played for the trial court. *Id*. at 14.[3] Appellant did not testify in his own defense at trial.

At the conclusion of Officer Gracey's testimony and following the trial court's review of several minutes of the motor vehicle stop, counsel presented argument during which time defense counsel questioned how one is to know a vehicle's registration is expired since there is no longer a sticker requirement. In response, the trial court observed that a driver could easily carry the registration document that is required to be carried by an operator of a vehicle, "which most people do." *Id*. at 21.

Having had the benefit of both hearing the trial testimony and viewing the relevant portion of the video of the traffic stop, the trial court further found that when Officer Gracey approached to explain the reason for the stop,

---

[3] Neither this recording, nor a transcript thereof, has been made a part of the certified record submitted to this Court; therefore, we are unable to review the same when considering the trial court's factual and legal findings following trial. Appellant bears the responsibility for ensuring that the record certified on appeal contains all materials necessary for a reviewing court to perform its duty. *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa.Super. 2006).

Appellant's initial response was "[t]his is my son's car or truck." The trial court further observed:

> when asked for his license, he immediately indicated that he did not have a license, that he had been suspended in 2004 and that he keeps driving and, therefore, he's never gotten it back. He's already -- he indicated further that he had already gone to court for, quote, this stuff, end quote, and I understand that I am breaking the law.
>
> We note from [Appellant's] certified driving record that even prior to his DUs related to a DUI conviction, he had eight 1543( a) offenses, such that his license would have been expired even at the time that he got his DUI conviction. He has then incurred five 1543( b) convictions.
>
> We do find [Appellant] guilty of violating section 1543(b) (1) of the Motor vehicle Code, finding this to be his fifth offense. We further find him guilty of driving without a properly -- driving an improperly registered vehicle, the registration having expired in August of 2019. We do not have a specific date, so, therefore, we cannot determine whether it was within or slightly without the 60-day time period.
>
> We therefore impose on Count 2 a fine of $25 plus the costs of prosecution, and on Count 1, we sentence [Appellant] to six months['] incarceration and direct him to pay the mandatory fine of $ 2500 plus the costs of prosecution.

N.T. 11/16/20, at 23-24.

The instant matter differs from **Karl**, **supra**. In **Karl** the defendant was driving his girlfriend's car unaware that the registration had expired. The trial court specifically found that there was "**no evidence of scienter as to the non-registration of the vehicle he was seen driving**." **Id**. at 501, 490 A.2d at 891. (emphasis in original). Unlike Appellant herein whom the trial court remarked immediately denied ownership of the Ford truck and specifically admitted he should not have been driving the vehicle, the defendant in **Karl** exhibited no behavior that would indicate to the trial court

- 11 -

he had been aware of any wrongdoing while operating his girlfriend's vehicle, and the trial court made a specific finding as to his lack of scienter.

Thus, the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to support Appellant's convictions.

Judgment of Sentence affirmed.

Judge McCaffery joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/03/2021