J-S11019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LAURA J. WITKOWSKI DENITHORNE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID W. DENITHORNE | : | |
| | : | |
| Appellant | : | No. 1956 EDA 2023 |

Appeal from the Order Entered June 23, 2023
In the Court of Common Pleas of Carbon County Civil Division at No(s):
20-1588

BEFORE:   BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 16, 2024**

David W. Denithorne appeals from the order extending an existing three-year protection from abuse ("PFA") order. He argues the court erred in granting Laura J. Witkowski Denithorne exclusive possession of the parties' home located on Airport Road in Lehighton, Pennsylvania (the "Lehighton Residence") and the court erred in denying a continuance. We affirm.

In July 2020, the trial court granted a final three-year PFA order against Denithorne and in favor of Witkowski Denithorne. The parties were not married but had two children, one of whom was a minor at the time of the 2020 PFA order. The order granted Witkowski Denithorne exclusive possession of the Lehighton Residence and temporary custody of the parties' minor child.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Denithorne repeatedly violated the PFA Order by threatening, intimidating, and harassing Witkowski Denithorne.

At a December 2022 hearing, the parties agreed that the home was in Denithorne's name only but both testified that there was an agreement between the parties regarding the property. However, neither party put the terms of the agreement before the court.[1]

In June 2023, Witkowski Denithorne filed a motion to extend the PFA order for an additional three years. The court scheduled a hearing on the extension for June 16, 2023, the same date as a contempt hearing had been scheduled. At the June 16 hearing, both parties were present and the contempt hearing proceeded. However, Witkowski Denithorne requested a continuance of the extension hearing so she could have counsel present.[2] The court rescheduled the extension hearing for June 23, 2023.

At the June 23 hearing, Witkowski Denithorne testified that she was living at the Lehighton Residence and had lived there continuously since July 2020.[3] She stated Denithorne had violated the PFA order "[a]lmost daily up

_____

[1] The transcript of the December 2022 criminal contempt hearing is not in the certified record. However, the transcript is in the reproduced record and no one disputes the accuracy of the reproduced record. We will therefore rely on the transcript in the reproduced record. *See Commonwealth v. Barnett*, 121 A.3d 534, 545 n.3 (Pa.Super. 2015) (relying on transcript in reproduced record where no one disputed its accuracy).

[2] The transcript of the June 16 hearing is not in the certified record. Denithorne does not dispute the court's description of what occurred at that hearing.

[3] The child was no longer a minor in June 2023.

until January of 2023," and then again starting in February 2023. N.T., June 23, 2023, at 12. She testified that at the June 16, 2023 hearing Denithorne was found guilty on three separate PFA violations and was incarcerated based on those violations. *Id.* at 13. She testified she feared him and was concerned he would harm her. *Id.* at 13-14.

Witkowski Denithorne stated she was requesting that the court extend the PFA order for three years and that she be allowed to stay at the Lehighton Residence. *Id.* at 14. The court noted that there had been a dispute about whether Witkowski Denithorne had an interest in the Lehighton Residence. *Id.* at 6-7.

During Witkowski Denithorne's testimony, after her counsel asked questions, Denithorne requested a continuance so that he could obtain counsel. He alleged he had not known the hearing had been scheduled. *Id.* at 18. The court denied the request.

Following the hearing, the court extended the PFA order for another three years. It issued an order evicting and excluding Denithorne from the Lehighton Residence and granting Witkowski Denithorne exclusive possession. The order further stated that "[t]he entry of this Order shall not bar [Denithorne] from commencing and/or filing any appropriate legal proceedings questioning and/or challenging any property interest in the [Lehighton Residence], claimed by [Witkowski Denithorne] and which [Denithorne] disputes, or permitting [Denithorne] by way of partition or otherwise disposing of his interest in the property." Order, filed June 23, 2023.

Denithorne sought reconsideration, which the trial court denied. In doing so, the court stated that it was unclear whether Witkowski Denithorne had an interest in the property and that Denithorne was free to challenge any such interest in separate proceedings:

> Although the court understands that [Witkowski Denithorne] and [Denithorne] have never been married, it is also the court's understanding from testimony given by [Denithorne] at the hearing held on June 23, 2023, that [Witkowski Denithorne] holds some form of interest in the [Lehighton Residence], which [Denithorne] claims was improperly or erroneously acquired. Because the exact nature of this interest and the circumstances of acquisition have never been presented to the undersigned, the June 23, 2023 Order specifically contained a provision such that [Denithorne] is not barred "from commencing and/or filing any appropriate legal proceedings questioning and/or challenging any property interest in the [Lehighton Residence], claimed by [Witkowski Denithorne] and which [Denithorne] disputes, or permitting [Denithorne] by way of partition or otherwise disposition of his interest in the property." Consequently, should it be determined through such a challenge that [Witkowski Denithorne] has no interest in this property and has no right to reside at the property . . . ., [Denithorne] may be entitled at some future date to have that portion of Paragraph 2 of the June 23, 2023 PFA Order evicting and excluding [Denithorne] from the [Lehighton Residence] deleted.

Order, filed July 21, 2023, at n.1.

As to Denithorne's claim that the court should have granted him a continuance because he did not have notice of the June 23 hearing, the court stated that Denithorne was present at the June 16 hearing at which Witkowski Denithorne obtained a continuance to June 23. *Id.* Denithorne timely appealed.

- 4 -

Denithorne raises the following issue:

> 1. Whether the court erred in issuing an extended three (3) year Final Protection From Abuse (PFA) Order against [Denithorne].
>
> 2. Whether the court erred in evicting and excluding [Denithorne] from his residence at 635 Airport Road, Lehighton, Pennsylvania 18235, during the duration of the Final PFA Order.
>
> 3. Whether the court erred in conducting the hearing when [Denithorne] did not receive timely notice of the PFA hearing.
>
> 4. Whether the court erred in [d]enying [Denithorne] a hearing continuance that was orally requested on June 23, 2023.
>
> 5. Whether the court erred by concluding that [Witkowski Denithorne] resides at 635 Airport Road, Lehighton, Pennsylvania 18235.

Denithorne's Br. at 6-7 (suggested answers omitted).

Although Denithorne's brief lists five issues in the statement of questions involved, the argument section discusses only two – whether the court erred when it granted Witkowski Denithorne exclusive possession of the Lehighton Residence, and whether it erred in not granting Denithorne's continuance request. Denithorne has waived the issues not argued in his brief. **See Coulter v. Ramsden**, 94 A.3d 1080, 1089 (Pa. 2014). We will address the two issues for which Denithorne presents argument.

Denithorne maintains the court had no authority to evict and exclude him from the Lehighton Residence.[4] Denithorne claims the original temporary

_____

[4] Denithorne "acknowledges that grounds exist for the court to extend the PFA order" to protect Witkowski Denithorne. Denithorne's Br. at 11.

- 5 -

PFA listed Witkowski Denithorne's address as being on Franklin Avenue in Palmerton, Pennsylvania. He argues that because he is the sole person on the deed to the Lehighton Residence, and the parties' children are both over 18 years of age, the court erred in granting Witkowski Denithorne exclusive possession.

The PFA Act provides that a PFA order may exclude a defendant from a residence under certain conditions, including if the residence is "jointly owned or leased by the parties":

> **(a) General rule.--**Subject to subsection (a.1), the court may grant any protection order or approve any consent agreement to bring about a cessation of abuse of the plaintiff or minor children. The order or agreement may include:
>
> . . .
>
> (2) Granting possession to the plaintiff of the residence or household to the exclusion of the defendant by evicting the defendant or restoring possession to the plaintiff if the residence or household is jointly owned or leased by the parties, is owned or leased by the entireties or is owned or leased solely by the plaintiff.
>
> (3) If the defendant has a duty to support the plaintiff or minor children living in the residence or household and the defendant is the sole owner or lessee, granting possession to the plaintiff of the residence or household to the exclusion of the defendant by evicting the defendant or restoring possession to the plaintiff or, with the consent of the plaintiff, ordering the defendant to provide suitable alternate housing.

23 Pa.C.S.A. § 6108(a).

The trial court found that it was unclear whether Witkowski Denithorne had an interest in the property, but noted that Denithorne had testified as to

an agreement between the parties and pointed out that Denithorne could challenge Witkowski Denithorne's interest in the property in a separate action:

> [A]ccepting that [Witkowski] Denithorne resides at the [Lehighton Residence] and that [Denithorne] has made repeated threats of killing her, whether explicit or veiled, excluding [Denithorne] from this residence is an appropriate form of relief rationally related to protecting [Witkowski] Denithorne from [Denithorne].
>
> To the extent [Denithorne] claims [Witkowski] Denithorne has no interest in the Property or right to live there, the record does not support this claim. *See* 23 Pa.C.S.A. § 6108(a)(2) (authorizing the granting of possession of the residence or household to a plaintiff to the exclusion of the defendant by evicting the defendant if the residence or household is, inter alia, jointly owned or leased by the parties). [Denithorne] has at various times acknowledged [Witkowski] Denithorne has an interest in the Property although the precise nature and extent of this interest has never been fully delineated. At the hearing on June 23, 2023, the court briefly touched on this subject. [Denithorne] also testified vaguely about a housing agreement between himself and [Witkowski] Denithorne giving [Witkowski] Denithorne an interest in the home, the details of which were never made clear.[3]
>
> > [3.] Similarly, at the hearing on December 23, 2022, [Witkowski] Denithorne testified to property settlement agreements entered between her and [Denithorne] in 2016 and 2018 regarding the [Lehighton Residence]. According to [Witkowski] Denithorne, under these property settlement agreements, she received the home and [Denithorne] received a business. At the hearing held on December 30, 2022, [Witkowski] Denithorne testified that pursuant to her agreements with [Denithorne], she was given exclusive possession of the Property, but that [Denithorne] did not honor his Commitments.
> >
> > Moreover, not only does the Protection From Abuse Act prohibit the court from entering an order "in any manner affect[ing] title to any real property," 23 Pa.C.S.A. §

- 7 -

6108(h), the court on several occasions explained to [Denithorne] that the granting of a protective order to [Witkowski] Denithorne would not prejudice his right to question the issue of title in a separate proceeding. To this point, the order issued on June 23, 2023, explicitly provided that the entry of the order would "not bar [Denithorne] from commencing and/or filing any appropriate legal proceedings questioning and/or challenging any property interest in the home at [the Lehighton Residence], claimed by [Witkowski Denithorne] and which [Denithorne] disputes, or permitting [Denithorne] by way of partition or otherwise disposing of his interest in the Property." Additionally, we note that were such a challenge to be made and be successful in establishing no legitimate interest in the Property held by [Witkowski] Denithorne entitling her to reside at this location, Section 6108(d) of the Act, provides that "[t]he court may amend its order . . . at any time upon subsequent petition filed by either party." 23 Pa.C.S.A. §6108(d) (Duration and amendment of order or agreement).

Trial Court Opinion, filed Sept. 15, 2023, at 8-10 (citations to record and some footnotes omitted).

Here, it was unclear whether Witkowski Denithorne had an interest in the Lehighton Residence. The court did not err in ordering that Denithorne was "evicted and excluded" from the home, or in informing Denithorne that he was free to file separate litigation to determine whether Witkowski Denithorne had a property interest in the home. This claim lacks merit.

Denithorne further argues that the court erred in denying his request for a continuance. He claims he had not been served with a copy of the petition to extend the PFA and therefore it was error for the court not to grant the continuance.

Here, after Witkowski Denithorne's direct examination at the June 23, 2023 hearing, Denithorne requested a continuance, claiming he did not have

notice. The court originally scheduled a hearing on Witkowski Denithorne's motion for an extension of the PFA for June 16, 2023, along with other matters involving the party. On June 16, Witkowski Denithorne requested a continuance so her counsel could be present. Denithorne was at both the June 16 and June 23 hearings. The court did not err in denying the motion for a continuance, where Denithorne knew of the hearing and did not request a continuance until halfway through the hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2024