J-A25006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SERGEI KOVALEV | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE HOME DEPOT, THE HOME | : | No. 996 EDA 2024 |
| DEPOT USA, INC., VALERIE SCOTT, | : | |
| DOES, 1-10 | : | |

Appeal from the Order Entered March 25, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  231002299

BEFORE:  OLSON, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 2, 2025**

Appellant, Sergei Kovalev, appeals from an order entered on March 25, 2024 in the Civil Division of the Court of Common Pleas of Philadelphia County. The March 25, 2024 order granted a motion filed on behalf of Appellees, The Home Depot, The Home Depot USA, Inc., Valerie Scott, and Does 1-10, to dismiss Appellant's civil action pursuant to Pennsylvania Rule of Civil Procedure 233.1(a). We affirm.

The trial court summarized the essential procedural and historical facts of this case as follows.

> On November 8, 2021, [Appellant] filed a complaint in the United States District Court for the Eastern District of Pennsylvania ("district court") against [Appellees] for their alleged liability for damages resulting from a September 5, 2021 incident [at a Philadelphia Home Depot store]. On January 7, 2022, [Appellant

moved to voluntarily dismiss] his claims against [Appellees], which the district court granted on January 11, 2022.

On January 6, 2022, [Appellant] filed a complaint in the Philadelphia County Court of Common Pleas against [Appellees asserting] the same [claims arising] from the [ ] September 5, 2021 incident. On February 4, 2022, the case was removed [ ] to the district court. On February 26, 2022, [Appellant] filed an amended complaint in the district court against [Appellees] concerning [their alleged liability for damages] resulting from [the] September 5, 2021 incident. On March 14, 2022, [Appellees] filed a motion to dismiss [Appellant's] amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which the district court granted on March 21, 2023.[1] ] On April 20, 2023, [Appellant] filed an appeal of the March 21, 2023 order to the United States Court of Appeals for the Third Circuit which, on August 23, 2023, [summarily affirmed the district court's dismissal of Appellant's amended complaint, noting that Appellant failed to allege sufficient factual matter to state a plausible claim for relief].

On October 23, 2023, [Appellant] filed a complaint in the Philadelphia Court of Common Pleas against [Appellees, again] concerning the [incident that occurred on September 5, 2021]. On December 15, 2023, [Appellees filed a motion to dismiss Appellant's civil action pursuant to Pennsylvania Rule of Civil Procedure 233.1(a)], which the trial court granted on March 21, 2024. In the order, the trial court "[dismissed Appellant's third amended state court complaint and barred Appellant from pursuing further *pro se* litigation against Appellees and related entities and/or employees predicated on the same or related claims without leave of court]." Trial Court Order, 4/21/2024. On March 29, 2024, [Appellant] filed a timely appeal of the March 21, 2024 order.

Trial Court Opinion, 4/16/24, at 1-2 (citations and extraneous capitalization omitted; footnote added).

_____

[1] Originally, the district court's March 21, 2023 order dismissed Appellant's prior federal complaint without prejudice and permitted an amended filing within 60 days. Thereafter, Appellant elected to pursue an appeal rather than amend his complaint. As set forth above, the Court of Appeals summarily affirmed the district court's dismissal order long after the period within which an amended complaint would have been permitted.

In this appeal, Appellant argues that the trial court erred in dismissing his complaint pursuant to Pennsylvania Rule of Civil Procedure 233.1, which provides, in relevant part:

> Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
> 1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
>
> 2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

Pa.R.C.P. 233.1(a). "To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*. To the extent that this question involves an exercise of the trial court's discretion in granting a motion to dismiss, our standard of review is abuse of discretion." **Coulter v. Ramsden**, 94 A.3d 1080, 1086 (Pa. Super. 2014), *appeal denied*, 110 A.3d 998 (Pa. 2014).

> We have explained that Rule 233.1 does not
>
> mandate the technical identity of parties or claims imposed by *res judicata* or collateral estoppel; rather, it merely requires that the parties and the claims raised in the current action be "related" to those in the prior action and that those prior claims have been "resolved." These two terms are noteworthy in their omission of the technical precision otherwise associated with claim and issue preclusion; whereas parties and/or claims are to be "identical" under the purview of those doctrines, Rule 233.1 requires only that they be sufficiently related to inform the trial court, in the exercise of its discretion, whether the plaintiff's claim has in fact been considered and "resolved." The drafting committee's recourse to the word "resolved" in this context is equally significant. In [Rule 233.1's] requirement that the matter has

been "resolved pursuant to a written settlement agreement or a court proceeding," the language assures that the *pro se* litigant is availed of a chance to address his claim subject to the contractual guarantee of a settlement agreement or to the procedural safeguards that attend a court proceeding. It does not require, however, that the matter has progressed to a "final judgment on the merits[.]"

*Gray v. Buonopane*, 53 A.3d 829, 836 (Pa. Super. 2012), *appeal denied*, 64 A.3d 632 (2013) (citations omitted).

Appellant contends that his complaint was not subject to dismissal pursuant to Rule 233.1 because no prior, related claims had ever been resolved pursuant to a court proceeding. **See** Appellant's Brief at 10 and 26-39. The trial court rejected this contention, concluding instead that Rule 233.1 authorized dismissal since Appellant, acting *pro se*, previously filed related claims against related defendants and those claims were resolved during prior judicial proceedings before the district court and the Court of Appeals. **See** Trial Court Opinion, 4/16/24, at 3.

We have carefully reviewed the certified record, the submissions of the parties, the April 16, 2024 opinion of the trial court, and the pertinent case law. Based upon our review, we conclude that the trial court has adequately and accurately addressed the claims raised by Appellant in this appeal and correctly determined that Appellant is not entitled to relief. We therefore adopt the trial court's April 16, 2024 opinion as our own. Accordingly, we direct the parties to include a copy of the trial court's opinion with all future filings pertaining to this appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/2/2025</u>