J-A12027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL J. PISANCHYN, JR., ESQ., DOUGLAS A. YAZINSKI, ESQ., AND THE PISANCHYN LAW FIRM, LLC | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : | |
| | : | No. 1479 EDA 2024 |
| MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY, HERMA MEHTA, FINEMAN KREKSTEIN AND HARRIS | : : : : : : | |

Appeal from the Judgment Entered May 8, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  190702452

BEFORE:  STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 28, 2025**

Appellants, Michael J. Pisanchyn, Jr., Esq., Douglas A. Yazinski, Esq., and The Pisanchyn Law Firm, LLC, appeal from the May 8, 2024 judgment entered in the Philadelphia County Court of Common Pleas following the court's denial of Appellants' motions for judgment notwithstanding the verdict ("JNOV") and new trial in this case in which Appellants alleged breach of an insurance contract.  After review, we dismiss the appeal based upon Appellants' failure to develop their argument.

We summarize the underlying facts and procedural history from the trial court's opinion and the certified record.  Appellee Minnesota Lawyers Mutual Insurance Company ("Insurer") issued a professional liability insurance policy

("the Policy") to Appellants. In September 2017, Appellants' clients ("Clients") filed a legal malpractice action ("Malpractice Action") following the litigation of their 2012 personal injury action. Appellants sought representation and indemnification from Insurer for the Malpractice Action, but the parties could not agree on counsel to represent Appellants.

Nevertheless, "without [Insurer's] knowledge or consent, Appellant[s] petitioned and entered mediation for the [Malpractice] Action" and settled it for $872,000, without seeking Insurer's approval.[1] Trial Ct. Op., 10/4/24, at 3. Insurer ultimately denied indemnification, asserting that the $872,000 Appellants paid to settle the Malpractice Action constituted "professional fees," which the Policy excluded from covered damages. *Id.* at 4.

On November 12, 2019, Appellants filed the instant action asserting that Insurer breached the Policy by denying indemnification and acted in bad faith by failing to provide counsel. The trial court presided over a jury trial from April 8-11, 2024. On April 12, 2024, the jury found that Insurer breached the Policy but did not cause Appellants any damages. Additionally, the trial court dismissed Appellants' bad faith claim. On April 22, 2024, Appellants filed motions for JNOV or new trial, which the trial court denied on April 30, 2024.

On May 29, 2024, Appellants filed a notice of appeal. Appellants and the trial court complied with Pa.R.A.P. 1925.

---

[1] The court in the Malpractice Action had previously granted Clients' petition for a constructive trust for "Attorneys' Fees and Costs and Payment of Fees and Costs" of over $1.5 million. Trial Ct. Op., 10/4/24, at 3 (citation omitted).

Appellants raise the following question on appeal:

Whether the trial court committed an error in permitting the insurance policy to be provided to the jury during deliberations?

Appellants' Br. at 3.

We are constrained to conclude that Appellants waived their argument raised in this appeal by failing to cite relevant legal authority in their brief to this Court. *See* Appellants' Br. at 9-12; *see also* Pa.R.A.P. 2119; *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014) (finding waiver "where the party has failed to cite any authority in support of a contention") (citation omitted). This Court will not "develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived." *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). Here, Appellants' only citations are in their "Statement of Scope and Standard of Review," none of which address the arguments raised on appeal. *See* Appellants' Br. at 1-3. As Appellants fail to cite pertinent authority, we conclude that they waived their issue and dismiss their appeal.[2]

Appeal dismissed.

_____

[2] Even if we were to address Appellants' claim, we would find it meritless. Appellants argue that the trial court abused its discretion by providing the jury with the contract upon which Appellants' base their claim. Appellants do not, however, dispute that a trial court has discretion to "make exhibits available to the jury during its deliberations[.]" Pa.R.Civ.P. 223.1(d)(3). Absent waiver, we would conclude that the trial court did not abuse its discretion in providing the Policy to the jury as it was a central piece of evidence to which Appellants did not object during trial. Trial Ct. Op. at 7.

- 3 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>8/28/2025</u>