J-S10005-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LYNN KALTREIDER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LORI BARZYK | : | |
| | : | |
| Appellant | : | No. 917 MDA 2025 |
| | : | |

Appeal from the Order Dated June 11, 2025
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2023-CV-05652

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED: APRIL 16, 2026**

Appellant, Lori Barzyk, appeals from the June 11, 2025 order entered in the Dauphin County Court of Common Pleas in favor of Appellee, Lynn Kaltreider, in this landlord-tenant action, throughout which Appellant has proceeded *pro se*.  After careful consideration, we affirm.

On March 19, 2021, Appellee purchased 102 Pawnee Lane in Halifax, Pennsylvania ("the Property"), solely in his name.  Subsequently, Appellant and Appellee, then paramours, moved into the Property.  Appellee averred that they "entered into a verbal, month to month lease [,]" under which Appellant initially agreed to "pay $900 per month for rent and utilities[,]" which allegedly increased to $1000.  Compl., 9/1/23, at ¶¶ 7-11.

Appellant disputed the characterization of her payments as "rent" as she believed that she was putting forth money "to co-own the home together,"

asserting that Appellee had "bought [the home] for [her] as a Valentine's Day Gift[.]" Answer, 9/29/23, at ¶ 8. She averred that she and Appellee used a "house account" for "splitting mortgage costs, utilities, cable, [etc.]" *Id.*

In March 2023, Appellant ceased making payments. *Id.* at ¶ 13. Subsequently, Appellee filed a landlord-tenant complaint against Appellant in Magisterial District Court, which resulted in a July 13, 2023 judgment in Appellee's favor. Appellant appealed the judgment to Dauphin County Court of Common Pleas and began making escrow payments in July 2023.

On September 5, 2023, Appellee filed a complaint against Appellant seeking, *inter alia*, "immediate possession of the Property." Compl. at ¶ 18.

On September 28, 2023, Appellant filed a "Motion for Dismissal" as well as an "Answer, New Matters, and Motion to Dismiss to Plaintiff's Complaint[.]" In her answer, Appellant did not contest Appellee's purchase of the property solely in his name, but, as noted above, she disputed whether the parties had a landlord-tenant relationship.

In October 2023, Appellee filed a motion for judgment on the pleadings, which he amended on October 27, 2023. On November 24, 2023, Appellant filed a motion for continuance, claiming that she had not received various filings and that Appellee was "stealing [her] mail[.]" Motion for Continuance, 11/24/23 at ¶ 1. Appellant acknowledged receipt of the initial motion for judgment on the pleadings but claimed that she had not received the amended motion. *Id.*

- 2 -

The court entered an order stating that it would not entertain Appellant's Motion for Continuance, noting that there was "no court proceeding scheduled" at the time. Order, filed 11/29/23. On November 29, 2023, the court granted Appellee's amended motion for judgment on the pleadings, awarding Appellee immediate possession of the Property and $5000 in unjust detention damages for April to August 2023, continuing charges of $1,000 per month during the litigation, costs, and attorney fees. Crucially, Appellant did not appeal the order granting judgment on the pleadings.

On December 19, 2023, Appellee praeciped for and obtained a writ of possession and entry of judgment on the record. Ten months later, on October 31, 2024, Appellee filed a "Petition for the Release of Sums from the Escrow Account" and sought a rule to show cause why the funds should not be released, which the court issued on November 5, 2024. On November 25, 2024, Appellant filed a timely response to the rule to show cause. On December 11, 2024, Appellee filed a motion to make rule absolute, asserting incorrectly that Appellant had not responded. On December 13, 2024, the court ordered the rule to be made absolute and the Prothonotary to release "the rent moneys being held in escrow" to Appellee. Order, 12/13/24. The docket reflects disbursement of funds to Appellee on December 16, 2024.

Appellant filed a Motion for Reconsideration. On January 10, 2025, the court granted reconsideration.

On May 1, 2025, Appellant filed a "Motion for Hearing De Novo," referencing the court's grant of her motion for reconsideration and asking for a "renewed examination of the case." Motion, 5/1/25, at ¶ 4.

At the June 5, 2025 hearing, at which Appellee was not present, the court initially granted Appellant's request that "the funds that had been placed into escrow for rent in this case not be released[.]" N.T. Hr'g, 6/5/25, at 2. The court clarified that it was not granting reconsideration of the "whole case[.]" *Id.* at 3. When Appellant informed the court that the funds had been disbursed to Appellee, the court stated that "the money [was] gone" and that it could not "unring the bell[.]" *Id.* at 5. The court explained that it could not provide legal advice and urged her to seek representation, such as from the Widener Civil Law Clinic. *Id.* at 3-4.

On June 11, 2025, the trial court issued a brief order explaining that following the June 5, 2025 hearing, the court "reviewed the filings in this matter" and found that Appellant's "issues are now moot." Order, 6/11/25. The court, therefore denied all outstanding petitions filed by Appellant and declared the matter "closed." *Id.*

Appellant filed a timely notice of appeal. In its Statement in Lieu of a [Pa.R.A.P. 1925(a)] Opinion, the court observed that, while Appellant is appealing from the June 11, 2025 order, she "erroneously believes that she has appealed the case in its entirety." Trial Ct. Op., 9/5/25, at 1. The court emphasized that Appellant had not appealed the November 29, 2023 order granting Appellee judgment on the pleadings and that Appellant had vacated

the Property. The court opined that the June 11, 2025 order resulted in the release of the escrowed "funds and closed the case." *Id.* at 2.[1]

Appellant raises the following issues on appeal:

[1.] Whether the entire proceeding is void *ab initio* where:

> A. No landlord-tenant relationship ever existed—the parties were engaged co-owners who jointly purchased property together;
>
> B. The only "evidence" of tenancy was a fraudulent letter from an attorney with an undisclosed conflict of interest who had represented both parties;
>
> C. The judgment contains a 31-day date discrepancy (October 29 vs. November 29, 2023) making timely appeal impossible;
>
> D. Appellant was never properly served with a writ of possession.

[2.] Whether the trial court violated Title II of the ADA and the Fourteenth Amendment where:

> A. Appellant has documented disabilities (PTSD, learning disabilities, eighth-grade reading level);
>
> B. The court provided zero accommodations;
>
> C. Procedural rules were applied in a discriminatory manner ensuring Appellant lost because of her disabilities.

[3.] Whether Appellant was denied due process where:

> A. Her Exhibits A-K were administratively separated from her Answer, leaving a "naked" Answer on the record;

---

[1] The trial court provided three supplements to the certified record which include numerous documents that Appellant filed subsequent to her notice of appeal. We will not address these filings unless relevant to explain the procedural history of the case and her assertions on appeal.

B. No hearing was ever held—the trial court entered judgment without an evidentiary hearing;

C. The judge told Appellant "you won" on June 5, 2025, then issued a contradictory order on June 11, 2025.

[4.] Whether this Court should excuse any procedural defects in Appellant's filings where:

A. Appellant is proceeding *pro se* with documented learning disabilities;

B. All of Appellant's filings in this Superior Court case have been accepted and/or ruled upon;

C. Substance should prevail over form where a *pro se* litigant with disabilities is learning the system.

Appellant's Br. at 5-7 (formatting altered; suggested answers omitted).[2]

Several of Appellant's issues challenge the underlying November 29, 2023 judgment on the pleadings granted in Appellee's favor. Appellant's Br. at 15-18. Appellant claims that the judgment is void *ab initio* but fails to provide relevant discussion and authority to support this claim. **See** Pa.R.A.P. 2101 (requiring conformance with briefing requirements), 2119(a) (requiring "discussion and citation of authorities"). Rather, Appellant disputes the evidence relating to the judgment on the pleadings. As the trial court correctly

---

[2] Appellee did not file a brief in this matter. Appellee's failure to file a brief does not result in default, as argued by Appellant. Rather, the remedy for an appellee's failure to file a brief is that they will not be heard at argument, a remedy which is inapplicable in this submitted case. **See** Pa.R.A.P. 2188.

We additionally acknowledge that, on March 12, 2026, Appellant filed a document entitled "Appellant's Notice of Supplemental Filing and New Evidence." We accept this filing as a supplement to her brief but do not consider any attached documentation as evidence. **See Hoss Land Co. v. Thorson**, 324 A.3d 508, 514 (Pa. Super. 2024) (reiterating that "for purposes of appellate review, what is not in the certified record does not exist").

observed, Appellant did not appeal the order granting judgment on the pleadings, and, therefore, she has waived any challenges to that order, including those raised in Issues 1.A., 1.B., 3.A., and 3.B. **See** Pa.R.A.P. 902(b)(2) ("The failure to file a notice of appeal within [30 days after the entry of the order] renders an appeal invalid.").

In Issue 1.C., Appellant asserts a "date discrepancy," which she claims prevented her timely appeal of the order granting judgment on the pleadings. Appellant's Br. at 16. The order granting judgment on the pleadings included the following printed language "____ Day of October, 2023." On the copy in the certified record, "29th" is handwritten in the blank, "October" is crossed out, and November is written above it. These handwritten alterations correspond with the timestamp of "2023 NOV 29 PM 1:45." Appellant proffered a copy of the order that is missing the handwritten addition of "November," such that it read "29th Day of October, 2023" but included the November 29, 2023 timestamp.

Upon review, we reject her claim that the handwritten editing of the date prevented her from filing a timely appeal of the order granting judgment on the pleadings.[3] Rather, we find that the time stamp and the docket entry confirm that the court entered the order on November 29, 2023. Moreover,

_____

[3] Appellant claims that the two dates on the order "caus[ed] Appellant to be told by Prothonotary staff that the 30-day appeal window was missed." Appellant's Br. at 13. Appellant does not provide any evidence of this communication, nor does she identify the date of the alleged interaction with the Prothonotary.

we find that she was not prejudiced by any arguable confusion given that the entry on November 29, 2023, would have provided her with more, rather than less time, to file her notice of appeal.

Next, we conclude that Appellant waived her claim in Issue 1.D., regarding service of a writ of possession, by failing to provide coherent argument and relevant citation to authority supporting her claim.[4]  **See** Pa.R.A.P. 2119(a) (requiring "discussion and citation of authorities").

In Issue 2, Appellant claims that the trial court failed to provide accommodations for her disabilities under Title II of the Americans with Disabilities Act ("ADA").  Appellant's Br. at 16-17.  As with her previous issue, Appellant fails to provide necessary support for her claim by citing to any portion of the record demonstrating that she requested accommodations prior to the June 11, 2025 order subject to this appeal.[5]  Likewise, while Appellant

_____

[4] Appellant's entire argument on this point is as follows:

> The Sheriffs Return noted 'NOT immediate possession.'  Appellant was locked out without proper service or the mandatory 10-day notice, as confirmed by Appellee's counsel's email (T.C.D. Exhibit A, filed 11/3/2025).

Appellant's Br. at 16.

[5] Appellant references motions seeking ADA accommodations filed on "January 12th and January 21st[.]"  Appellant's Notice of Supplemental Filing and New Evidence, filed 3/12/26, at 9.  She appears to be referencing filings in January 2026 before the same trial court in her separate malpractice litigation, 2025-CV-03496, against an attorney previously involved in the instant litigation.  She also references an October 14, 2025, "Motion for In Camera Review."  **Id.** at 18.  We do not address these claims arising from separate litigation or after her July 2025 notice of appeal.

claims that the court applied procedural rules in "a discriminatory manner[,]" she does not direct this Court to any specific discriminatory application of the rules. Appellant's Br. at 6, 15-17. Accordingly, we find that Appellant waived her claims in her second issue. *See, e.g.,* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."), 2119 (requiring "a reference to the place in the record where the matter referred to appears").

In Issue 3.C., Appellant asserts a due process violation claiming that the court entered contradictory orders by granting her motion for reconsideration prior to and during the June 5, 2025 hearing but subsequently denying relief and closing the case on June 11, 2025. We reject this argument as the orders are not contradictory. Rather, the trial court granted reconsideration of its order releasing escrowed funds, listened to Appellant's arguments, reread the record, but determined that Appellant's issues were moot. As explained in its Statement in Lieu of Opinion, the court observed that Appellant had not appealed the November 29, 2023 order. Moreover, Appellant failed to provide any argument for recovery of the dispersed escrowed funds following entry of the judgment in favor of Appellee. This issue warrants no relief to Appellant.

In her final issue, Appellant requests that this Court "excuse any procedural defects" in her filings because she "is proceeding *pro se* with documented learning disabilities." Appellant's Br. at 6-7, 18. We reiterate that while "this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *S.S. v.*

*T.J.*, 212 A.3d 1026, 1032 (Pa. Super. 2019) (citation omitted). "To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be his undoing." *Id.* (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014). We reiterate the trial court's recommendation that Appellant seek counsel to guide her in future litigation.

Accordingly, as none of Appellant's issues warrant relief, we affirm the trial court's June 11, 2025 order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/16/2026